STATE OF NEBRASKA, APPELLEE, V. GREGORY C. LAFLER,
APPELLANT.

399 N.W.2d 808

Filed January 23, 1987.   No. 86-536.

Paul D. Merritt, Jr., of McGinley, Lane, Mueller, O'Donnell, Merritt & Williams, P.C., for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and GRANT, JJ., and CAMP, D.J.

BOSLAUGH, J.

The defendant was convicted of three counts of assault in the third degree and one count of criminal mischief. He was sentenced to 30 days in jail on each of the assault counts, the sentences to run concurrently, and fined $10 on the criminal mischief count.

The charges arose out of a dispute concerning a road in Lorenzo, Nebraska. On April 9, 1984, several men were erecting a fence on the north side of the roadway, away from the traveled portion of the road. Several fenceposts had been installed, and the men were standing near the upright posts when the defendant, who was driving a truck, appeared. The defendant drove directly toward the three men, causing them to scramble out of his way. The defendant then knocked down the posts, breaking a brace post. The defendant was arrested and charged with assault for threatening the men in a menacing manner and criminal mischief for destroying the post.

Upon the first appeal to the district court, the cause was remanded for a hearing to determine whether the defendant was indigent under the standard set out in Neb. Rev. Stat. § 29-1804.04 (Reissue 1985).

Upon remand, the county court found that the defendant was not indigent and had the ability to retain legal counsel without prejudicing his financial ability to provide economic necessities for himself. Upon appeal to the district court the judgments on all of the counts were affirmed.

The defendant has now appealed to this court and contends that the trial court erred in failing to afford him a jury trial and in failing to find that he was entitled to court-appointed counsel.

On April 25, 1984, the defendant appeared in the county court, without counsel. He had filed an affidavit concerning his financial condition and requesting the appointment of counsel. The county court advised the defendant that he had a right to retain counsel of his own choosing but that if he was "an absolute indigent person, poverty stricken, the Court could, upon a proper showing, appoint counsel . . . ." He was further advised that he had a right to a jury trial "if a proper demand" was made.

When the defendant declined to enter any pleas until he had obtained counsel, the county court entered pleas of not guilty to all counts. The court then held an evidentiary hearing on the issue as to whether the defendant was indigent. At the conclusion of the hearing the court refused to appoint counsel for the defendant. After a second hearing, on June 6, 1984, the court again denied the defendant's request for appointed counsel.

Trial was had on June 8, 1984, the defendant appearing pro se. At the close of the evidence the defendant was found guilty and sentenced.

With respect to the defendant's second assignment of error, § 29-1804.04 defines indigent as "the inability to retain legal counsel without prejudicing one's financial ability to provide economic necessities for one's self or one's family."

Neb. Rev. Stat. § 29-1804.05 (Reissue 1979) requires the court to make a "reasonable inquiry to determine [a defendant's] financial condition." *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985). In determining whether a criminal defendant is indigent as the term is used in § 29-1804.04, the trial court must consider the seriousness of the offense; the defendant's income; the availability to the defendant of other resources, including real and personal property, bank accounts, Social Security, and unemployment or other benefits; normal living expenses; outstanding debts; and the number and age of dependents.

In *State v. Radford*, 202 Neb. 440, 441, 276 N.W.2d 82, 83 (1979), the defendant was denied court-appointed counsel, even though his earnings were "about 116 every four days." The defendant was single, had no cash or bank accounts, and owned property consisting of one automobile on which the debt was greater than its value. Although categorizing the case as borderline, this court sustained the county court's finding that without a further showing of inability to obtain counsel, the defendant was not eligible for court-appointed counsel.

The case at bar is similar to *State v. Radford*. The defendant is single, has no dependents, and has some income. Unlike *State v. Radford*, however, the defendant here owns unencumbered real property valued at more than $9,000 and an inventory

valued at approximately $4,500. The trial court made extensive inquiries as to the defendant's assets and liabilities and examined the defendant's affidavit of indigency. This was a reasonable inquiry to determine the defendant's financial ability to obtain counsel.

Although the defendant stated that he had talked with several lawyers who requested retainers of $2,000 to $3,000, no evidence was presented as to what the cost of representation in this case would be. The record, in its present state, supports the findings and fails to show an abuse of discretion in the refusal to appoint counsel.

As to the first assignment of error, the county court was in error in advising the defendant that a demand for a jury trial was required for the assault counts. Assault in the third degree is a Class I misdemeanor, which carries a maximum penalty of imprisonment for 1 year, or a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 1985). It is a "serious" crime for which a jury trial is constitutionally required, unless expressly and intelligently waived by the defendant. *State v. Bishop, ante* p. 522, 399 N.W.2d 271 (1987). A waiver of this right cannot be presumed from a silent record. *State v. Predmore,* 220 Neb. 336, 370 N.W.2d 99 (1985).

The record does not show the defendant waived his right to a jury trial on the assault charges. Instead, the defendant's request for a jury trial was denied solely on the ground the request was not made in a timely or proper manner. Since the record does not show the defendant knowingly and intelligently waived his right to a jury trial on the assault charges, the judgments on counts I, II, and III are reversed and the cause remanded for a new trial on those counts.

The judgment on count IV, a charge of criminal mischief pursuant to Neb. Rev. Stat. § 28-519(4) (Reissue 1985), alleging the defendant damaged property in the amount of $100 or less, is affirmed. This was a petty offense for which the defendant did not have a constitutional right to a jury trial. *State v. Bishop, supra.* The defendant did, however, have a statutory right to a jury trial.

Neb. Rev. Stat. § 24-536 (Reissue 1985) provides that a jury trial in county court may be demanded by either party in any

ordinances and certain traffic infractions. A demand is required to invoke this statutory right. *State v. Vernon,* 218 Neb. 539, 356 N.W.2d 887 (1984). Failing to file a timely request for a jury trial in accordance with the rules of court constitutes waiver of this statutory right.

A request for a jury trial pursuant to § 24-536 may be made orally at the time of arraignment or by written request prior to trial in accordance with the rules of the court. *State v. Gerber,* 206 Neb. 75, 291 N.W.2d 403 (1980). A defendant who appears pro se must make a proper demand for a statutorily provided jury trial or that right will be deemed to have been waived. *State v. Vernon, supra; State v. Mangelsen,* 207 Neb. 213, 297 N.W.2d 765 (1980).

The defendant was not represented by counsel at the arraignment and elected to proceed without counsel when his request for court-appointed counsel was denied. The failure to make a timely request for a jury trial on count IV constituted a waiver of the right to a jury trial on that charge. The conviction and sentence on that charge are affirmed.

The judgments on counts I, II, and III are reversed and the cause remanded for a new trial on those counts. The judgment on count IV is affirmed.

JUDGMENTS ON COUNTS I, II, AND III REVERSED, AND THE CAUSE REMANDED FOR A NEW TRIAL ON THOSE COUNTS. JUDGMENT ON COUNT IV AFFIRMED.