STATE OF NEBRASKA, APPELLEE, V. VERNON G. RICHTER,
APPELLANT.
408 N.W.2d 717

Filed July 2, 1987.   No. 86-420.

Charles F. Fitzke, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Vernon G. Richter appeals the judgment of the district court for Scotts Bluff County, which affirmed the county court's judgment that Richter was not an indigent entitled to court-appointed counsel. We reverse and remand for a new trial.

As a result of his December 18, 1984, conviction for third offense drunk driving, prosecuted under a municipal ordinance of Scottsbluff, Nebraska, in a trial without defense counsel, Richter was sentenced to incarceration in the county jail for 6 months, ordered to pay court costs and a fine of $500, and had his motor vehicle operator's license permanently suspended. The factual basis for Richter's conviction is unimportant in the present appeal, but may be found in *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985), where Richter successfully contended that the county court had failed to conduct an adequate inquiry into Richter's claimed indigency, which, if existent, would have entitled Richter to court-appointed counsel for the 1984 trial. See Neb. Rev. Stat. § 29-1804.03(3) (Reissue 1985) (appointment of public defender to represent an indigent). Recognizing that conviction for the offense charged

against Richter was punishable by imprisonment and, therefore, a charge or offense requiring court-appointed counsel for an indigent, we stated in *State v. Richter, supra*:

Neb. Rev. Stat. § 29-1804.05 (Cum. Supp. 1984) [now Reissue 1985] provides:

"At a felony defendant's first appearance before a court, the court shall advise him or her of the right to court-appointed counsel if he or she is indigent.

"If he or she asserts indigency, the court shall make a reasonable inquiry to determine his or her financial condition, and may require him or her to execute an affidavit of indigency. If the court determines him or her to be indigent, it shall formally appoint the public defender to represent him or her in all proceedings before the court, and shall make a notation of such appointment and appearances of the public defender upon the felony complaint. The same procedure shall be followed by the court in misdemeanor cases punishable by imprisonment."

Neb. Rev. Stat. § 29-1804.04 (Reissue 1979) [now Reissue 1985] defines indigent, as used in the foregoing statute, as meaning "the inability to retain legal counsel without prejudicing one's financial ability to provide economic necessities for one's self or one's family. . . ."

. . . .

The requirement of § 29-1804.05 is that before counsel be provided at public expense, there be a "reasonable inquiry to determine" the defendant's "financial condition." . . . Other courts, however, require a consideration of factors such as the seriousness of the offense; the defendant's income; the availability to the defendant of other resources, including real and personal property, bank accounts, Social Security, and unemployment or other benefits; normal living expenses; outstanding debts; and the number and age of dependents.

221 Neb. at 491-93, 378 N.W.2d at 179-80.

In *State v. Richter, supra*, after recognizing the foregoing factors bearing upon a question of a defendant's indigency, we

concluded:

> Therefore, the cause is remanded with the direction that another inquiry be conducted into the factors considered by other courts, as set forth above, and a new determination made as to Richter's indigency at the time of trial. If the determination so made is that Richter was indigent at the time of trial, he shall be granted a new trial on the ground that the public defender should have been appointed as counsel for him.

*Id.* at 493-94, 378 N.W.2d at 180.

On remand in response to our mandate, the county court conducted a hearing to determine whether Richter was indigent at the time of trial on December 18, 1984.

Richter, who is 39 years old and has an 11th-grade education, had lost his right leg while serving in Vietnam, received the Purple Heart, and was honorably discharged in 1969. Richter was unemployed and, as a result of his service-related disability, had been unable to maintain employment. In 1982 Richter worked as a bouncer at the Stable Club in Scottsbluff at $100 per month, but his employment at the club ended when the club went out of business. Richter's wife and two children were living with him in a rented house. Richter's older child was approximately 2 years of age and the younger child was approximately 3 months old when Richter was tried in 1984.

Richter's only sources of income were disability compensation benefits from the Veterans' Administration and social security benefits. Richter had none of the following: checking or savings account, investments, life insurance, ownership of real estate, or substantial personal property other than a 1975 Ford LTD automobile and nominal household furniture.

In addition to his normal living expenses, Richter had debts totaling at least $6,350—$2,000 unpaid on a bank loan for purchase of his car, $3,500 unpaid on a personal loan, and a $850 debt for purchase of carpeting for his home. Richter was making payments of $500 a month to repay the personal loan and had agreed to pay the bank $500 a month on the car loan, although he was unable to make such car payments. In August of 1984, Richter filed for bankruptcy in view of his

indebtedness, which ranged somewhere between $25,000 and $30,000. While the precise nature and ultimate disposition of Richter's bankruptcy proceedings are undisclosed in the record presented, existence of the bankruptcy proceedings is undisputed. Although Richter was uncertain about the amount, there were unpaid hospital bills as the result of his son's birth in September 1984. Attorneys in the Scottsbluff area required a fee ranging from $2,500 to $4,000 to represent Richter on the third offense drunk driving charge and demanded a $1,000 retainer for the 1984 trial.

Richter's monthly income and expenses for December 1984 are summarized as follows:

Income

| | |
|---|---|
| VA disability benefits | $1,568 |
| Social security | 342 |
| Total monthly income | $1,910 |

Expenses

| | |
|---|---|
| Electric bill | $ 47 |
| Gas bill | 116 |
| Rent for house | 350 |
| Food | 350 |
| Baby needs | 143 |
| Gasoline for car | 130 |
| Car loan payment | 500 |
| Personal loan payment | 500 |
| Total monthly expenses | $2,136 |
| Net monthly income (loss) | ($ 226). |

Without explanation in the record, the county court found that Richter was not indigent when Richter requested court-appointed counsel for his trial in 1984, and ordered him to commence serving the 6-month sentence imposed in 1984. On appeal to the district court, Richter's sentence and conviction were affirmed.

Richter claims the county court abused its discretion in finding that Richter was not indigent.

A trial court's determination of a defendant's indigency, requiring court-appointed counsel for a defendant in a criminal case, will be upheld on appeal, unless the trial court has abused its discretion in such determination. *State v. Lafler*, 224 Neb.

613, 399 N.W.2d 808 (1987).

While a situation where expenses exceed income, considered by itself, may or may not constitute indigency of a defendant in a criminal case, an unintended absence of income and lack of property may be considered in determining whether a defendant is an indigent entitled to court-appointed counsel. In Richter's case, we are not oblivious to, and cannot disregard, Richter's bankruptcy proceedings, his service-related disability affecting earning capacity, and unavailability of retained counsel in view of the attorney fee and retainer demanded for representation of Richter. Richter's family situation needs no further elaboration as factors bearing upon the question of indigency in the present appeal. Based upon the foregoing circumstances, as well as the factors enunciated in *State v. Richter,* 221 Neb. 487, 378 N.W.2d 175 (1985), which were mandated in *State v. Lafler, supra,* the record demonstrates that Richter was indigent at the time of his trial in 1984. Whether Richter may have been imprudent in his fiscal management is irrelevant to the determination of indigency in this case.

> " 'A judicial abuse of discretion does not denote or imply improper motive, bad faith, or intentional wrong by a judge, but requires the reasons or rulings of a trial judge to be clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition through a judicial system.' "

*State v. Vrtiska, ante* p. 454, 465, 406 N.W.2d 114, 122 (1987). See, also, *Newton v. Brown,* 222 Neb. 605, 386 N.W.2d 424 (1986); *Bump v. Firemens Ins. Co.,* 221 Neb. 678, 380 N.W.2d 268 (1986).

If an adequate and properly presented defense to a charge may result in acquittal or exoneration from imprisonment after a defendant's conviction, representation by counsel is a rather substantial right of an accused. Without the benefit of counsel in such a serious situation as confronted Richter, including prospective incarceration, it is difficult, if not impossible, to conclude that a just result was obtained in Richter's 1984 trial and disposition of the charge against him. Consequently, we find there has been an abuse of discretion regarding

determination of Richter's indigency and his request for court-appointed counsel. In accordance with our mandate in *State v. Richter, supra*, Richter shall have a new trial, inasmuch as counsel should have been appointed to represent Richter at his trial in 1984.

Although Richter has raised other issues in his appeal, we need not decide those questions for, in the light of our decision today, such questions raised by Richter will likely not recur at retrial with counsel.

The judgment of the district court is reversed, and this matter is remanded to the district court with direction to set aside Richter's conviction and order a new trial for Richter in the county court.

REVERSED AND REMANDED WITH DIRECTION.