STATE OF NEBRASKA, APPELLEE, V. RICHARD MASILKO, APPELLANT.

409 N.W.2d 322

Filed July 17, 1987.    No. 86-875.

Jerry Matthews, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Richard Masilko, was initially charged in a two-count complaint. Count I charged him with third degree assault in violation of Neb. Rev. Stat. § 28-310 (Reissue 1985). This is a Class I misdemeanor, punishable by up to 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106(1) (Reissue 1985). Count II charged Masilko with criminal mischief in violation of Neb. Rev. Stat. § 28-519 (Reissue 1985). Because the value of the property involved was less than $100, this is a Class III misdemeanor, punishable by up to 3 months' imprisonment, a $500 fine, or both. See § 28-106(1). Masilko requested the appointment of counsel, and the county court for Sheridan County, Nebraska, granted his request and appointed the public defender to represent him.

Thereafter, a hearing was held to determine whether Masilko was in fact indigent and entitled to the services of the public defender.

Following that hearing, the county court determined that Masilko was not indigent and denied the motion for the appointment of counsel, setting the matter for trial on March 26, 1986. On March 26, Masilko appeared without counsel and informed the court that he was not ready to proceed, stating that he had been attempting to obtain an attorney but had not been able to procure one because of his financial status. The State then produced additional evidence on the issue of indigence, and Masilko was permitted to testify on his own behalf. The court overruled Masilko's reapplication for court-appointed counsel and ordered the trial to proceed forthwith.

It was not until this moment that Masilko was afforded an opportunity to enter pleas to the charges. At this time he entered pleas of not guilty to both of the earlier counts, and, since the complaint had been amended to include it, he also pleaded not guilty on a count of procuring alcoholic liquor for a minor, in violation of Neb. Rev. Stat. § 53-180 (Reissue 1984). This is a Class I misdemeanor, punishable by up to 1 year's imprisonment, a fine of $1,000 or both. See § 28-106(1).

Following trial to the bench, the court took the case under advisement and on April 2, 1986, found Masilko guilty on all three counts. On appeal to the district court for Sheridan County, Nebraska, the decision of the county court was affirmed. It is from this order which Masilko now appeals to this court, maintaining that (1) the county court erred in not appointing counsel for Masilko, and (2) the county court erred in denying Masilko's right to trial by jury. Masilko also maintains that the court should have granted his request for a continuance. Because we believe that the county court was in error in not appointing counsel for Masilko and in not affording him trial by jury, we need not address the issue of the continuance.

Turning first to the question of the appointment of counsel, Neb. Rev. Stat. § 29-1804.03 (Reissue 1985) provides in part: "(3) It shall also be the duty of the public defender to represent

all indigent persons charged with misdemeanor offenses punishable by imprisonment, when appointed by the court." Neb. Rev. Stat. § 29-1804.04 (Reissue 1985) defines "indigent" to mean "the inability to retain legal counsel without prejudicing one's financial ability to provide economic necessities for one's self or one's family."

We have held that

> [i]n determining whether a criminal defendant is indigent as the term is used in § 29-1804.04, the trial court must consider the seriousness of the offense; the defendant's income; the availability to the defendant of other resources, including real and personal property, bank accounts, Social Security, and unemployment or other benefits; normal living expenses; outstanding debts; and the number and age of dependents.

*State v. Lafler,* 224 Neb. 613, 615, 399 N.W.2d 808, 811 (1987). Furthermore, we recently held in *State v. Richter,* 225 Neb. 837, 842, 408 N.W.2d 717, 720 (1987), that "[w]hile a situation where expenses exceed income, considered by itself, may or may not constitute indigency of a defendant in a criminal case, an unintended absence of income and lack of property may be considered in determining whether a defendant is an indigent entitled to court-appointed counsel." We further said in *Richter* at 842, 408 N.W.2d at 720:

> In Richter's case, we are not oblivious to, and cannot disregard, Richter's bankruptcy proceedings, his service-related disability affecting earning capacity, and unavailability of retained counsel in view of the attorney fee and retainer demanded for representation of Richter. Richter's family situation needs no further elaboration as factors bearing upon the question of indigency in the present appeal. Based upon the foregoing circumstances, as well as the factors enunciated in *State v. Richter,* 221 Neb. 487, 378 N.W.2d 175 (1985), which were mandated in *State v. Lafler, supra,* the record demonstrates that Richter was indigent at the time of his trial in 1984. Whether Richter may have been imprudent in his fiscal management is irrelevant to the determination of indigency in this case.

We concluded in *Richter* by saying at 842-43, 408 N.W.2d at 720:

> If an adequate and properly presented defense to a charge may result in acquittal or exoneration from imprisonment after a defendant's conviction, representation by counsel is a rather substantial right of an accused. Without the benefit of counsel in such a serious situation as confronted Richter, including prospective incarceration, it is difficult, if not impossible, to conclude that a just result was obtained in Richter's 1984 trial and disposition of the charge against him. Consequently, we find there has been an abuse of discretion regarding determination of Richter's indigency and his request for court-appointed counsel.

In the instant case, the evidence discloses that while Masilko had some assets and was on occasion employed, it was clear from the evidence that his ability to obtain private counsel was at best marginal, and apparently impossible. Masilko's affidavit of indigency indicated that he is married and has a 3-year-old daughter. He listed his income as $50 and stated that he owned a 1964 Chevrolet automobile, having no value. He further listed in his affidavit that he had no money on his person or in the bank, and no receivables. He indicated that he had monthly expenses of about $500.

At the hearing held to determine whether in fact Masilko was indigent, evidence was produced indicating that he had a 15-percent permanent partial disability for which he had received a lump-sum settlement of some $3,000 in 1979. There was no indication as to what became of that money. It further developed that his wife was employed as a schoolteacher, earning between $11,500 and $12,000 per year. With regard to the matter of employment, the evidence indicated that Masilko worked as a day laborer for a James Taylor, who, according to Masilko, paid directly to Masilko a total of $200 from January 16 to February 26. While the evidence disclosed that Masilko did own clothing, carpentry tools, furniture, and equipment, no value on the property was established. It seems fairly clear, however, that even a sale of the property was not likely to produce much, if any, funds. His wife owned a 1982 Mazda

automobile in her name and her mother's name, and also owned a 12-speed bicycle. Masilko owned a 1982 Honda motorcycle, in which there appeared to be an equity of perhaps $100.

As we read the statutes involved in matters of this nature, we are of the opinion that the act creating the court's authority to appoint a public defender to represent an individual charged with either a felony or a misdemeanor punishable by imprisonment does not require an individual charged with an offense punishable by imprisonment to sell all of his or her assets before he or she may be considered indigent and entitled to the appointment of the public defender. Specifically, § 29-1804.04 provides that one is not required to prejudice one's financial ability to provide economic necessities for oneself or one's family in order to be determined indigent. Obviously, the purpose of the act is not to impose upon the public the obligation of providing counsel for one who has the means to provide for himself or herself; on the other hand, it seems fairly obvious that the act does not require one charged with a crime entitling the defendant to counsel to virtually dispose of all of his or her assets in order to obtain counsel. From the record in this case, it is apparent that Masilko would have been required to sell virtually all of his assets in order to hire counsel. Such a sale would have prejudiced his ability to provide economic necessities for himself. This we do not believe he is required to do. It appears to us that, considering all the factors listed in *State v. Lafler*, 224 Neb. 613, 399 N.W.2d 808 (1987), the county court was in error in not permitting the public defender to represent Masilko. It is therefore necessary that we reverse and remand this matter with directions to appoint the public defender to represent Masilko, and order a retrial of the charges.

In view of the fact that the matter is being remanded for trial, it is appropriate for us to comment on the question of granting Masilko a trial by jury. On two of the counts, the one involving third degree assault and the one involving procuring alcoholic liquor for a minor, Masilko could be sentenced to up to 1 year's imprisonment. These, therefore, constitute serious offenses entitling Masilko to a jury trial. As we observed in *State v. Lafler, supra,* an offense for which the maximum penalty is

Unless on remand Masilko intelligently and knowingly waives his constitutional right to a jury trial on the charges of assault in the third degree and procuring alcohol for a minor, the county court must afford Masilko a jury trial. Also, because Masilko requested a trial by jury, pursuant to Neb. Rev. Stat. § 24-536 (Reissue 1985) and within 10 days of entering his plea on the charge of criminal mischief, he is entitled to a jury trial on that charge as well.

In view of the fact that the matter is now being remanded for trial to a jury after appointment of counsel, we need not consider the issue of whether the trial court erred in not granting Masilko a continuance. The judgment of the district court is reversed and the cause remanded with instructions to remand the matter to the county court for Sheridan County, Nebraska, for trial in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTION.