STATE OF NEBRASKA, APPELLEE, V. MARK S. MILLER, APPELLANT.
412 N.W.2d 849

Filed September 25, 1987.   No. 86-1042.

George A. Sutera of Sutera & Sutera, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

After a trial to the county court for Sarpy County sitting without a jury, defendant, Mark S. Miller, was found guilty of operating or being in actual physical control of a motor vehicle in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986). After an enhancement hearing at which the State proved that defendant had twice before been convicted of the same charge and had had counsel during each such conviction, defendant was sentenced to 91 days in the Sarpy County jail and ordered to pay a fine of $500. The court also suspended his driver's license for 15 years. Defendant appealed to the Sarpy County District Court, where his sentence was affirmed. Defendant has appealed to this court, assigning as error that the trial court erred (1) in not advising defendant that he had a right to a jury trial, since the record does not show that defendant waived that right; (2) in finding defendant guilty, when the evidence was insufficient to prove his guilt; (3) in permitting the State, at trial, to inquire into defendant's felony and misdemeanor record; and (4) in abusing its discretion in imposing too severe a sentence. We affirm.

The record shows that on April 9, 1986, Nancy Smith was driving on a rural road from Springfield, Nebraska, to her home in Papillion, Nebraska. After she reached the crest of a hill, she observed the defendant's truck stopped sideways in the road, blocking the traffic. Unable to stop her car in time, she struck the defendant's vehicle. After the impact, her own vehicle was nosed under the defendant's truck. She sustained no serious injuries. She called out to see if anyone had been injured. In response, the defendant climbed out of his truck. Smith testified that the defendant was the sole occupant of the vehicle. After observing that the defendant had a "glassy look" in his eyes, Smith left to summon the police. She then returned to the scene of the accident.

Larry Fasnacht, deputy with the Sarpy County Sheriff's Department, was dispatched to investigate the accident. When he arrived at the scene of the accident, a rescue squad had already arrived and was administering aid to the defendant.

Upon questioning by Deputy Fasnacht, the defendant contended that he had been a passenger in the vehicle at the time of the accident and that the driver of the vehicle had fled the scene immediately after the accident. The defendant, however, gave conflicting accounts as to the identity of the driver. A 15- to 20-minute search for the driver had been conducted by the rescue squad. Although one squad member reported that he had seen "something that was about 6 foot and it was gray" in a nearby field, no other person was found.

The defendant was subsequently placed under arrest for driving while under the influence of alcohol and transported to Sarpy County jail. An Intoxilyzer test was administered, which revealed that the defendant's blood alcohol content was .236 percent.

The defendant assigns as error the county court's failure to advise him that he had a right to a jury trial, when the record does not reveal that the defendant waived this right. Defendant contends that the consequences of a third-offense conviction for driving while under the influence entitle him to a constitutionally protected right to a jury trial. There is a constitutional right to a jury trial for a serious offense, which is an offense providing for a sentence of incarceration of more than 6 months. *Baldwin v. New York*, 399 U.S. 66, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970); *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987). Although the right to a jury trial may be waived, the waiver must be express and intelligent, and cannot be presumed from a silent record. *State v. Bishop, supra; State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985). Section 39-669.07(3) provides that a person convicted of third-offense driving while under the influence is guilty of a Class W misdemeanor. The maximum punishment for a Class W misdemeanor is 6 months' imprisonment and a $500 fine. This assignment of error is without merit. The charge is not a serious offense for which there is a constitutionally protected right to a jury trial.

The defendant, however, had a statutory right to a jury trial, pursuant to Neb. Rev. Stat. § 24-536 (Reissue 1985). That section provides that a jury trial in county court may be demanded by either party in any case except certain traffic

infractions and criminal cases involving city or village ordinances. A demand, however, is required to invoke this statutory right. *State v. Lafler*, 224 Neb. 613, 399 N.W.2d 808 (1987); *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984). Unless a timely request is made, this right is waived. *State v. Lafler, supra*. The record fails to reflect that a demand for a jury trial was ever made. Thus, the defendant waived his statutory right to a jury trial, since it was the defendant's duty to make such a request if he desired such a trial.

Defendant also assigns as error the county court's finding that the defendant was in actual physical control of his vehicle, pursuant to § 39-669.07. The evidence in this case is largely circumstantial. We have held that circumstantial evidence may be used to support a conviction where the evidence as a whole establishes guilt beyond a reasonable doubt. *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302 (1987); *State v. Ellis*, 223 Neb. 779, 393 N.W.2d 719 (1986). This court has held that circumstantial evidence may be used to establish physical control of a motor vehicle within the meaning of § 39-669.07. *State v. Baker*, 224 Neb. 130, 395 N.W.2d 766 (1986). In the *Baker* case, this court, in response to a similar contention, held that there was sufficient circumstantial evidence to establish guilt beyond a reasonable doubt. In *Baker, supra*, the evidence revealed that the defendant was the sole occupant of the vehicle and was asleep in his parked vehicle when discovered by the deputy sheriff. The deputy sheriff awakened the defendant and noted that the defendant had a strong smell of alcohol on his breath and his speech was slurred. The defendant alleged that he was not operating a motor vehicle because the vehicle was parked where he was found by the deputy sheriff, the defendant was asleep, and the motor was not running. This court held that there was sufficient circumstantial evidence to convict the defendant, pursuant to § 39-669.07.

In the instant case, while there was evidence to the contrary, there was sufficient evidence presented by the State from which the trial court could find that the defendant was operating or was in physical control of a motor vehicle while under the influence of intoxicating liquor. The defendant was the sole occupant of the vehicle, and the vehicle was not moving. The defendant stated that he had no clear recollection of the events

leading up to the accident. From the evidence, the trial court could find that the guilt of the defendant had been established beyond a reasonable doubt.

Defendant also contends that the county court erred in permitting the State to inquire into the defendant's felony and misdemeanor record at trial. This argument is without merit. Neb. Rev. Stat. § 27-609 (Reissue 1985) provides that during cross-examination, for the purpose of attacking the credibility of a witness, evidence may be elicited that the witness has been convicted of a felony or of a misdemeanor involving dishonesty or false statement. We have held that when a defendant in a criminal case takes the stand on his own behalf, the defendant is subject to the same rules of cross-examination as any other witness. *State v. Pitts*, 212 Neb. 295, 322 N.W.2d 443 (1982).

In his final assignment of error, the defendant contends that the county court abused its discretion in imposing too severe a sentence. Absent an abuse of discretion, this court will not reduce the sentence imposed by the trial court if the sentence is within the statutory limits. *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986); *State v. Cain*, 223 Neb. 796, 393 N.W.2d 727 (1986); *State v. Fix*, 219 Neb. 674, 365 N.W.2d 471 (1985). The presentence report revealed that the defendant had been arrested 10 times for driving while under the influence, with 5 of those arrests resulting in convictions. At the enhancement hearing, the State proved that the defendant had two prior convictions of the same offense. The crime of third-offense driving while under the influence is a Class W misdemeanor, for which the maximum punishment is 6 months' imprisonment and a $500 fine. The minimum sentence is 3 months' imprisonment and a $500 fine. Furthermore, § 39-669.07(3) provides that, as part of the sentence, the driver's license of the third offender shall be revoked for a period of 15 years. The defendant was sentenced to 91 days in jail and a $500 fine, and his driver's license was suspended for a period of 15 years. The sentence imposed was clearly within the statutory limits. We hold that the county court did not abuse its discretion in imposing the sentence. The judgment and sentence of the lower court are affirmed.

AFFIRMED.