STATE OF NEBRASKA, APPELLEE, V. GABRIEL H. UWANAKA,
APPELLANT.
433 N.W.2d 540

Filed January 6, 1989.    No. 87-887.

Alan H. Kirshen, of Kirshen & Kratville, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl
Schroeder, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In its five-count complaint filed in the county court for Sarpy
County, the State charged Gabriel H. Uwanaka with driving
while intoxicated (DWI), see Neb. Rev. Stat. § 39-669.07
(Supp. 1987), driving under suspension, false reporting,
speeding, and operating an improperly registered auto.
Pursuant to a plea agreement, Uwanaka pled no contest to the
DWI charge in exchange for the State's dismissal of the other
four counts. The court sentenced Uwanaka to 30 days in jail,
fined him $500, and suspended his driver's license for a period
of 6 months. On appeal, the district court affirmed Uwanaka's
conviction and sentence. Uwanaka claims that (1) he was
denied effective assistance of counsel and (2) his plea of no
contest was "fatally tainted."

Uwanaka asserts that his trial counsel simply "went through
the motions" in handling the case in county court. The record
shows that Uwanaka's lawyer secured dismissal of four counts
of the complaint in exchange for a plea of no contest to the DWI
charge. The factual basis, given and accepted in conjunction
with Uwanaka's no-contest plea, discloses that Uwanaka failed
a number of field sobriety tests administered by the arresting
officer, exuded the odor of alcohol and displayed bloodshot

eyes at the time of his arrest, and had a blood alcohol level of .108 percent according to an Intoxilyzer test. Nevertheless, Uwanaka contends his lawyer failed to investigate circumstances surrounding Uwanaka's arrest, the blood alcohol test, and possible defenses, namely, "one of the three medications which Defendant was taking, Triavil, will potentiate the action of central nervous system depressants, enhancing the response to alcohol and barbituates [sic] and that another, Fiorinal, is a barbituate [sic]." We note that § 39-669.07 provides in part: "It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle: (1) While under the influence of alcoholic liquor or of any drug . . . ."

As this court expressed in *State v. Hawthorne, ante* p. 343, 347, 431 N.W.2d 630, 633 (1988):

> [A]ccording to the test adopted in *Strickland v. Washington,* [466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], to sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

In our review of the record, we have been unable to locate a factual basis even remotely related to Uwanaka's claim of ineffective assistance of counsel in relation to his lawyer's alleged lack of investigation or diligent presentation of an available defense. To sustain a claim of ineffective assistance of counsel, the defendant has the burden to present a record which shows counsel's deficient performance in representing the defendant. Uwanaka has failed to meet his burden to show that "counsel's performance was deficient." *State v. Hawthorne, supra* at 347, 431 N.W.2d at 633.

Uwanaka's claim that his plea was "fatally tainted" is meritless. The county court fully informed Uwanaka concerning an accused's rights and the consequences of a plea

of guilty or nolo contendere. See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). Uwanaka waived rights accorded under *Irish, supra*, and entered his valid nolo contendere plea. Therefore, we affirm the judgment of conviction.

AFFIRMED.