STATE OF NEBRASKA, APPELLEE, V. MARIE K. WAKEMAN,
APPELLANT.
434 N.W.2d 549

Filed January 27, 1989. No. 88-254.

James R. Mowbray, of Mowbray & Walker, P.C., for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

CAPORALE, J.

Defendant, Marie K. Wakeman, appeals her conviction upon a plea of guilty to a charge of third-offense driving while under the influence of alcohol, a violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986). She assigns errors which, in summary, assert the district court erred in finding no error by the county court in (1) denying Wakeman's motion to set aside her plea and (2) receiving into evidence records of Wakeman's prior convictions. We affirm.

Wakeman first appeared in the county court without counsel and pled not guilty to one count each of driving while under the influence of alcohol, refusal to submit to a preliminary breath test, and operating a motor vehicle without a proper operator's license.

When Wakeman appeared in county court a second time, she was represented by an attorney, hereinafter referred to as the "former attorney," who stated that a plea agreement had been reached. Pursuant to this agreement, the State dismissed the

refusal to submit and operator's license counts, and Wakeman entered her plea of guilty to the charge of driving while under the influence of alcohol.

The record shows that in accepting Wakeman's plea of guilty, the county court fulfilled the requirements of *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), and *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), by advising Wakeman of the nature of the charge and the range of penalties, and informing her of the right to trial, the right to confront witnesses against her, and the privilege against self-incrimination. The record fully supports the county court's determination that Wakeman freely, intelligently, voluntarily, and understandingly pled guilty. Furthermore, the record provides a factual basis for the plea, in that the prosecution recited that its evidence would establish that a Lincoln police officer saw Wakeman operating a vehicle in the dark without lights and, after stopping her, found her with an odor of alcohol and to possess watery and red eyes. After two refusals to submit to preliminary breath tests, Wakeman submitted to an Intoxilyzer test, which revealed her blood-alcohol level to be .19 "by breath, weight to volume."

At this second county court appearance, Wakeman, through her former attorney, stipulated to four prior convictions: "on September 11th, 1982 for third offense in Lincoln, Nebraska; of [sic] April 4th, 1982 for second offense in Omaha; and December 2nd, 1981, second offense in Lincoln, Nebraska; May 28th, 1979 in Lincoln, Nebraska."

Following sentencing by the county court, Wakeman appealed to the district court, which determined that Wakeman's guilty plea had been valid and correctly accepted by the county court but that Wakeman had not validly waived, and therefore was entitled to, a hearing on sentencing in the nature of an enhancement hearing. This judgment is not before us in this appeal, and we therefore venture no comment upon it.

Following remand from the district court, Wakeman appeared in the county court with a new attorney for a hearing pursuant to the district court's mandate. At this hearing, a Lincoln police officer testified that after he had arrested Wakeman in the course of the incident upon which this case is grounded, Wakeman informed him that her motor vehicle

operator's license had been issued in her maiden name of Finnigan. Moreover, still another Lincoln police officer identified Wakeman in court as the person he knew by the name of Marie Finnigan.

The county court subsequently received into evidence two records of prior county court convictions, captioned "State of Nebraska vs. Marie K. Finnigan." The first document indicated that Finnigan, on January 7, 1983, with the assistance of counsel, had entered a plea of guilty to operation of a motor vehicle while under the influence of alcohol, second offense, this offense occurring on September 11, 1982, in Lancaster County. Wakeman was subsequently sentenced to a term of probation on this charge, which she apparently completed successfully. The second document indicated that Finnigan, on February 1, 1982, again with the assistance of counsel, had entered a plea of guilty to operation of a motor vehicle while under the influence of alcohol, second offense, this offense occurring on December 2, 1981, in Lancaster County.

After receiving these exhibits into evidence, the county court asked Wakeman's new attorney to present evidence in mitigation of the two prior convictions reflected in those exhibits. The only mitigating factor the new attorney could suggest was that during one of the subject events, Wakeman had been represented by yet a third attorney, who was subsequently disbarred for "a period of time."

The county court then took up Wakeman's motion to vacate and set aside her guilty plea in this case. In this connection, Wakeman adduced testimony from the former attorney to the effect that the present case had been the first she had handled in which her client had been charged with anything greater than first-offense drunk driving. On cross-examination, the former attorney testified as follows:

> Q . . . in your testimony today you've testified in essence Ms. Wakeman contacted you three times. Once either on September 2nd, then once probably September 10th or 11th, and then the — the following day the 11th or 12th. At what time were you retained by Ms. Wakeman for provision of legal services?
>
> [Former attorney] The final call.

. . . .

Q . . . For the purposes of your representation, what was your understanding that you had been retained to do?

[Former attorney] To negotiate a plea for Ms. Wakeman to enter and to plead guilty to Count 1, which was third offense DWI, and Counts 2 and 3 would then be dismissed, and to arrange to have [her] enter that plea in front of [a particular judge]. And —

. . . .

Q Were — was it your understanding that you were to defend Ms. Wakeman of the charges which were filed by the State in this matter?

[Former attorney] No.

. . . .

Q So the first time that you entered into any services with regards to the plea agreement was after the defendant, Mrs. Wakeman, had already indicated to you her decision to enter a plea of guilty to the first count for exchange of dismissals for Count 2 and 3.

[Former attorney] Yes.

. . . .

Q . . . Had Ms. Wakeman indicated to you that she had talked to other attorneys with regards to the defense of the charges against her?

[Former attorney] Yes.

Q And did she inform you in fact that — that the fees that you were quoting were substantially less than that being quoted by other attorneys she had contacted?

[Former attorney] Yes.

. . . .

Q Was it your understanding that you had no obligation to try to defend the matter, but simply to get this before a different judge and to improve her chances for probation?

[Former attorney] Yes.

Q And in your mind was that a limited scope of representation?

[Former attorney] Yes.

Wakeman called as an expert witness an attorney who testified that he "would not advise a client to plead without at

least reviewing the prior convictions . . . [c]ertainly to make sure that I had at least two that were good." In this witness' opinion,

there was certainly inadequate investigation of the complaint in the priors and the manner in which the plea itself was handled in terms of advisement of the counsel, in terms of her dealing with the prosecutor, and with the waiver of the enhancement hearing under the — under the facts of this case.

Q So your opinion is [the former attorney is] not a reasonably competent — was not a reasonably competent defense attorney in this case?

. . . .

[Witness] As to — as to the enhancement side of the case, yes.

. . . .

. . . And one other area —

. . . .

. . . And that would be in the advice that I understood her to give regarding the chances of probation being 50-50.

In connection with her first summarized assignment of error, Wakeman argues that her plea was not voluntarily entered inasmuch as, according to Wakeman, her former attorney afforded her ineffective assistance, and, thus, the court erred in refusing to permit the withdrawal of that plea.

A criminal defendant has a constitutional right not only to counsel but to the effective assistance of counsel. *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988). The voluntariness of a plea entered upon the advice of counsel depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *State v. Reddick, supra*.

To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense; that is, there must be a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Kuil, ante* p. 62, 434 N.W.2d 700 (1989); *State v. Kitt,*

*ante* p. 52, 434 N.W.2d 543 (1989); *State v. Uwanaka*, 230 Neb. 808, 433 N.W.2d 540 (1989). In order to satisfy the prejudice requirement in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial. *State v. Harton*, 230 Neb. 167, 430 N.W.2d 313 (1988).

The record before this court fails to support either element of this test. Regarding the first element, Wakeman has failed to prove that her former attorney's performance was deficient. The post hoc testimony of Wakeman's expert regarding what he, in hindsight, might have done is insufficient, standing alone, to prove that the former attorney, by acting differently, performed deficiently. Moreover, a lawyer is not required to be infallible. When a defendant waives her or his state court remedies and admits guilt, that defendant assumes the risk of ordinary error in her or his or the attorney's assessment of the law and facts. *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988).

Regarding the second element of the test, Wakeman has clearly failed to show a reasonable probability that, but for her former attorney's representation, Wakeman would not have pled and would have insisted upon going to trial. Quite the contrary, the record in this case is clear and uncontroverted: the former attorney did not advise Wakeman to plead guilty; rather, Wakeman informed the former attorney of her decision to enter such a plea, and merely asked the former attorney's assistance in doing so before a particular judge of the county court. Wakeman has offered no evidence whatsoever either that she was influenced in her decision by anything the former attorney did or said, or that she would have done anything differently had the former attorney taken it upon herself to offer any unsolicited advice.

The right to withdraw a plea previously entered is not absolute, and in the absence of an abuse of discretion by the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987). Taking the steps set out by this court in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), is

sufficient to assure that a plea represents a voluntary and intelligent choice among the alternate courses of action open to a criminal defendant. *State v. Wiley*, 225 Neb. 55, 402 N.W.2d 311 (1987). The county court having complied with the requirements of *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), and *State v. Irish, supra*, in accepting Wakeman's plea of guilty to third-offense driving while under the influence of alcohol, we find no abuse of discretion, and we therefore conclude that Wakeman's first assignment of error is without merit.

In her second summarized assignment of error, Wakeman takes the position that the county court erred in receiving into evidence records of Wakeman's prior convictions. The admission or exclusion of evidence is a matter within the discretion of the trial court, whose ruling is not to be disturbed on appeal absent an abuse of that discretion. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988). More specifically, it is within the trial court's discretion to admit or exclude evidence on the basis of relevancy, and such rulings will be upheld on appeal absent an abuse of discretion. *State v. Trevino, supra*; *State v. DeGroot*, 230 Neb. 101, 430 N.W.2d 290 (1988).

In Wakeman's view, the county court erred for one or all of the following reasons: (1) the prior convictions were had in the name of "Marie Finnigan," not "Marie Wakeman"; (2) the records of prior conviction were inadequate on their face; and (3) there was a material variance between the details of prior convictions recited in the complaint and the evidence of prior convictions adduced at the enhancement hearing such as to constitute a denial of due process.

Wakeman's first argument can only be described as absurd. The record clearly establishes that the names "Wakeman" and "Finnigan" describe one and the same person.

Regarding Wakeman's second argument, the rule is that to use a prior conviction as a basis for enhancement, the State need show only that the convicted defendant had, or waived, counsel at the time of such prior conviction and that defendant entered a plea to the charge resulting in conviction. *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989). Both records

received by the county court establish on their face that Wakeman was represented and accompanied by counsel at the time she entered her pleas of guilty to the two prior offenses recorded.

Finally, Wakeman notes that the complaint in this case recites a prior conviction for an offense occurring in Douglas County on April 4, 1982, yet the evidence offered at the enhancement hearing proved a prior conviction for an offense occurring in Lancaster County on December 2, 1981; Wakeman argues, in sum, that this represents such a variance of proof from pleading that she has been denied due process of law.

Wakeman acknowledges this court's holding in *State v. Jameson*, 224 Neb. 38, 44, 395 N.W.2d 744, 748 (1986), that

> just as a wrong date in an information will not preclude a defendant from being sentenced as a habitual criminal if the record discloses the defendant could not have been misled or confused, so, too, a wrong date in a complaint will not preclude a defendant from being sentenced as one who has previously been convicted of driving while under the influence of alcohol if the record discloses that the defendant could not have been misled or confused.

Nevertheless, Wakeman argues that a variance involving both date and county is sufficient to mislead or confuse the defendant, even if a variance of date alone is not.

Wakeman has put forth no evidence that she was misled or confused by the variance which occurred. In fact, it is clear that Wakeman was not misled or confused by the variance between complaint and proof, for in tendering her guilty plea in the county court, she stipulated to the very conviction which the State later, following remand, proved. Although, following the intervening reversal and remand by the district court, that stipulation was no longer effective as such, it remained nevertheless a matter of record, amply demonstrating that Wakeman was fully aware of the arsenal of prior convictions at the State's disposal. Moreover, no greater burden was imposed on Wakeman in locating records of prior convictions, as all convictions proved in the county court involved offenses occurring in Lancaster County; apart from the misidentification of date, then, all records were equally

accessible to Wakeman. Thus, Wakeman's final argument is also without merit.

Since the record sustains none of Wakeman's assignments of error, the judgment of the district court is hereby affirmed.

AFFIRMED.

SHANAHAN, J., dissenting.

As expressed in my dissent in *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989), a defendant's procedural inability to question the constitutional validity of a prior conviction used for enhancement of a penalty denies due process required by the Nebraska and U.S. Constitutions. Today the majority renews *Oliver*; I renew my dissent.