STATE OF NEBRASKA, APPELLEE, V. ROGER A. CAPEK, APPELLANT.

450 N.W.2d 212

Filed January 12, 1990.   No. 89-735.

Lance J. Johnson for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Appellant pled no contest to the offense of manslaughter, specifically that he did "unintentionally and without malice kill Bridgett M. Belding while the Defendant was in the commission of the unlawful act of knowingly, intentionally or negligently causing a minor child to be placed in a situation that endangered her life or be cruelly punished . . . ." After an extensive dialogue with the district judge, the plea was determined to be voluntary after ascertaining appellant's knowledge of all applicable constitutional and statutory rights and his waiving of such rights. A factual basis was established, and the plea was accepted. The appellant was sentenced to a term of 5 to 15 years in the penal complex, with credit for time spent in jail prior to sentencing. This appeal followed. We affirm.

Manslaughter, Neb. Rev. Stat. § 28-305(1) (Reissue 1985), is committed if one kills another without malice, either upon a sudden quarrel, *or causes the death of another unintentionally while in the commission of an unlawful act*. It is the latter alternative which is here involved, and thus an intention to kill is not an essential element of this phase of the offense. See *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989).

Two errors are assigned: (1) Appellant was denied effective assistance of counsel by counsel's failing to investigate and raise the defense of insanity, and (2) the sentence is excessive.

Apart from the obvious fact that in this direct appeal the first assigned error was never presented to the trial court, the assignment is meritless. We neither have a record indicating any failure of counsel to consider the defense of insanity, nor do we have any record justifying a finding that such a defense had merit. We have only the contentions of appellant's present counsel that a report from the Menninger Clinic had not yet been received when the negotiated plea was entered. The report is shown in the presentence investigation report and does not

show any opinion of the examiners that the appellant could not distinguish between right and wrong at the time of the commission of the offense.

To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense. *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989).

Manslaughter is a Class III felony and provides a range of penalties from 1 to 20 years' imprisonment, up to a $25,000 fine, or both such imprisonment and fine. Neb. Rev. Stat. §§ 28-305 and 28-105 (Reissue 1985). The victim was a small child, brutally and senselessly punished unto death. The sentence is not excessive.

AFFIRMED.