2006 UT App 328

**ROOSEVELT CITY, Plaintiff and Appellee,**

v.

**Rory V. CURRY, Defendant and Appellant.**

**No. 20050117–CA.**

Court of Appeals of Utah.

Aug. 10, 2006.

---

Joel D. Berrett, Roosevelt, for Appellant.

Clark B. Allred, Clark A. McClellan, Allred & McClellan, Vernal, for Appellee.

Before Judges BILLINGS, McHUGH, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Rory V. Curry appeals his conviction of intoxication, a class C misdemeanor. *See* Utah Code Ann. § 76–9–701 (2003). Curry argues that his conviction is invalid because he was denied counsel at his trial in violation of his Sixth Amendment rights. We reverse.

## FACTUAL BACKGROUND

¶ 2 Curry was cited for intoxication and jailed by Roosevelt City (the City) police in the early morning hours of November 19, 2004. Later that morning, Curry posted bail but was almost immediately returned to custody for violating the terms of his probation in a separate assault matter. Because of his probation violation, Curry remained in jail on a no-bail warrant from November 19 until his January 20, 2005 bench trial on the intoxication charge.

¶ 3 At a January 6 pretrial hearing, the City offered to allow Curry to change his plea. Curry asked the court if he could talk to a local attorney, Ms. Coombs, who was present in the courtroom on another matter. The court inquired if Curry had retained Coombs in the case, and Coombs asked the court if she had been appointed. The court responded that it would not appoint counsel for Curry because the charge was only a class C misdemeanor, and that if Curry wanted Coombs to represent him that he needed to make arrangements to pay her. Coombs never entered an appearance in the case.

¶ 4 Curry's intoxication trial took place on the morning of January 20, and a hearing on his probation violation took place that afternoon. Curry represented himself at trial and was convicted. With Curry's consent, the trial court sentenced Curry immediately after the verdict. Curry informed the court that he had been incarcerated since November 19, 2005, and there was some discussion

that the incarceration was a result of the separate probation violation. Curry, who had a long history of alcohol offenses, also represented that he had "dried out" while in jail. Curry stated that he had been in treatment for alcoholism in the past, including attendance at Alcoholics Anonymous (AA) meetings. Citing the new year and his recent fortieth birthday, which he had celebrated in jail, Curry asserted to the court that he was ready to quit drinking for good.

¶ 5 The court then announced its sentence:

Well, I'm going to give you credit for time served on this, put you on probation for I guess six months. Terms of probation will be you need to go to three AA meetings a week and not drink. I don't know what we're going to do with you on your probation violation this afternoon, maybe you'll be doing some more jail time. If you end up going back to jail I guess you can just work on your AA book. And I don't know what that will do or where you are on your other problems, but on this case that will be the order and under the circumstances I won't impose a fine.

The next time you're back here on an alcohol problem though, I'm—you know—if you're not serious about this, about getting the help, all we can do is lock you up.

The trial court issued a written sentencing order the same day, essentially reiterating the oral sentence. The written order stated that any more "alcohol charges," as opposed to "alcohol problem[s]," would result in Curry's incarceration. The written order also added probationary terms that Curry not possess alcohol or be present where alcohol is consumed or possessed, that he keep the court informed of his address, and that he appear before the court when requested to do so. Finally, the written order clarified that Curry's probation was to be supervised by the district court.

¶ 6 Curry now appeals his conviction as obtained in violation of his right to be represented by counsel at trial.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 7 Curry argues that he was denied his Sixth Amendment right to counsel at trial when he did not waive his right to counsel and he suffered actual imprisonment as a consequence of his conviction. " 'Constitutional issues ... are questions of law that we review for correctness.' " *In re S.H.*, 2005 UT App 324, ¶ 11, 119 P.3d 309 (quoting *Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177).[1]

## ANALYSIS

¶ 8 One of the bedrock guarantees of our criminal justice system is the right to be represented by counsel at trial. The Sixth Amendment to the United States Constitution provides that in "criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of counsel for his defence." U.S. Const. amend. VI. The Sixth Amendment right to counsel is applicable to the states by virtue of the Fourteenth Amendment and assures "indigent defendants who are charged with crimes the fundamental right to have the assistance of counsel in order to ensure they receive a fair trial." *State v. Ferguson*, 2005 UT App 144, ¶ 7, 111 P.3d 820, *cert. granted*, 124 P.3d 634 (Utah 2005); *see also Gideon v. Wainwright*, 372 U.S. 335, 342–45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

■■■ ¶ 9 Nevertheless, a criminal defendant does not have the right to counsel in every criminal proceeding, only in felony matters and misdemeanors or other offenses for which the defendant is subjected to " 'actual imprisonment.' " *Ferguson*, 2005 UT App 144 at ¶ 8, 111 P.3d 820 (quoting *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)); *see also Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was

---

1. Curry also presents arguments under the Utah Constitution and Utah statutes pertaining to the appointment of counsel to represent indigent defendants. *See* Utah Const. art. I, § 12 ("In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel...."); Utah Code Ann. §§ 77–32–301, –302 (2003). Because we resolve this matter under federal constitutional law, we do not reach these arguments.

represented by counsel at his trial."). A suspended sentence of imprisonment triggers the right to counsel, but if the defendant has not actually served any of the suspended jail time, the immediate remedy is merely the invalidation of the suspended sentence.[2] *See Ferguson,* 2005 UT App 144 at ¶ 10, 111 P.3d 820; *see also Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002) (affirming the invalidation of suspended jail time when the defendant's Sixth Amendment right had been violated, but also affirming the defendant's underlying conviction and the remaining fine imposed as part of the sentence).

¶ 10 Together, these standards establish " 'an after-the-fact test that requires a reviewing court to find an uncounseled misdemeanor conviction constitutional when the defendant was not [actually] [incarcerated].' " *In re W.B.J.,* 966 P.2d 295, 297 (Utah Ct. App.1998) (second alteration in original) (quoting *Layton City v. Longcrier,* 943 P.2d 655, 658 (Utah Ct.App.1997)). But actual incarceration, however brief, will render the uncounseled conviction void. *See Ferguson,* 2005 UT App 144 at ¶ 8, 111 P.3d 820 (noting that actual imprisonment, "even if only for a brief period of time," implicates the right to trial counsel); *see also Johnson v. Zerbst,* 304 U.S. 458, 467–68, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (holding that a conviction obtained in violation of a defendant's right to counsel at trial is void). In *State v. Stott,* 255 Neb. 438, 586 N.W.2d 436 (1998), the Nebraska Supreme Court invalidated an uncounseled conviction for disturbing the peace because the defendant served a twenty-four-hour jail sentence. The court explained:

> Because Stott was actually imprisoned for this conviction, it is clear that she had a right to the assistance of counsel at her trial. It is irrelevant that Stott would have had no such right at the same trial, for the same offense, had she not been imprisoned. Stott's right to counsel was impli-

cated with the closing of her cell door, and her conviction was therefore obtained in violation of the Sixth Amendment. *Id.* at 438.

■ ¶ 11 Here, Curry argues that he suffered actual imprisonment because his sentence included credit for time served. According to Curry, this amounted to "the imposition of a sentence upon Curry for the [time] he spent in jail awaiting the trial in this matter." We do not address Curry's blanket argument that any sentence that includes credit for time served constitutes actual imprisonment for purposes of triggering the right to counsel. We do hold, however, that Curry was entitled to appointed counsel under the circumstances of this case.

¶ 12 Generally speaking, a class C misdemeanor is punishable by up to ninety days incarceration, *see* Utah Code Ann. § 76–3–204(3) (2003), and a $750 fine, *see id.* § 76–3–301(1)(a) (2003). *See also West Valley City v. McDonald,* 948 P.2d 371, 373 (Utah Ct. App.1997) (stating that a class C misdemeanor "is punishable by a maximum of ninety days imprisonment and a $750 fine").[3] If the sentencing court wishes to impose probation, the procedure for doing so is mandated by statute: *"[A]fter* imposing sentence, [the court may] suspend the execution of the sentence *and* place the defendant on probation." Utah Code Ann. § 77–18–1(2)(a) (Supp.2005) (emphasis added). Thus, by statute, the imposition of probation necessarily implies some suspended portion of the sentence, either in fines or jail time. *See id.*

¶ 13 Here, the trial court did not expressly impose or suspend jail time, but did impose probation. It also expressly stated that it was not imposing a fine as part of Curry's sentence. Under section 77–18–1(2)(a), the imposition of probation combined with the express refusal to impose a fine can only mean that Curry's sentence included some suspended jail time.[4] *See id.* This conclu-

2. *State v. Ferguson,* 2005 UT App 144, 111 P.3d 820, clarified that the convictions in such cases are still valid, but cannot be used to enhance later offenses. *See id.* at ¶ 7.

3. The Utah Code also allows for some other sentencing components, such as restitution, *see*

Utah Code Ann. § 76–3–201(4)–(6) (2003), but there is no indication that the trial court intended to impose any of those options in this matter.

4. Under the circumstances of this case, we do not address the length of the implied jail sentence other than to note that it must exceed the

sion is bolstered by the trial court's giving Curry credit for time served[5] and its implied warning of the consequences of Curry violating his probation: "[A]ll we can do is lock you up."

¶ 14 Ordinarily, the remedy for the imposition of a suspended sentence of imprisonment in violation of the right to counsel is the vacation of the offending portion of the sentence. *See State v. Ferguson,* 2005 UT App 144, ¶¶ 10–11, 111 P.3d 820, *cert. granted,* 124 P.3d 634 (Utah 2005). Here, however, Curry has actually served a portion of the suspended sentence, albeit before the sentence was announced. Once a defendant has actually been imprisoned on a conviction obtained in violation of the right to trial counsel, vacation of the remaining suspended sentence is no longer an adequate remedy and the conviction itself must be deemed void. *See Stott,* 586 N.W.2d at 438; *see also Johnson,* 304 U.S. at 467–68, 58 S.Ct. 1019 (holding that a conviction obtained in violation of a defendant's right to counsel at trial is void).

¶ 15 Although we have no reason to believe that there was any intentional violation of Curry's rights in this matter, we note the potential for abuse in these circumstances. Curry's case arose in a small community, and both the trial court and the prosecutor appeared to be familiar with Curry's ongoing alcohol-related legal troubles. Curry bailed out of jail on his intoxication arrest, but was immediately reincarcerated on a probation violation without the possibility of bail. Other defendants might not be able to afford bail in the first place, or might be denied bail for one reason or another. Thus, while we see no intentional impropriety in this case, the specter arises of a trial court routinely imprisoning minor offenders before trial, knowing full well that no counsel would be appointed and that the ultimate sentence would be probation and time served. Such a practice would effectively sidestep the requirements of the Sixth Amendment by allowing the imprisonment of misdemeanor offenders convicted without the benefit of counsel.

¶ 16 Our decision today does not, in and of itself, preclude the possibility of such abuse, as the mere inclusion of a small suspended fine would take any given sentence outside of our analysis. We raise the issue to encourage trial courts and counsel on both sides of criminal matters to consider the implications of pretrial confinement in relation to the constitutional rights of defendants.

## CONCLUSION

¶ 17 For these reasons, we hold that Curry's sentence necessarily contained a period of suspended jail time exceeding the amount of time already served, and that the imposi-

time already credited as served so that some portion remains suspended. Neither do we address whether the trial court's omission of an express suspended jail term was intentional or an oversight, or whether it matters for future cases. On the facts of this case, we merely presume that the trial court's sentence complies with Utah Code section 77–18–1 by including some suspended component. *See* Utah Code Ann. § 77–18–1(2)(a) (Supp.2005).

**5.** Credit for time served, as a term of art, generally implies that some actual sentence of imprisonment has been ordered, such that the time already served has something to be credited against. There is a split of authority as to whether the mere act of giving a defendant credit for time served without imposing some additional prospective jail time constitutes actual imprisonment for purposes of triggering the Sixth Amendment right to counsel. *Compare Nicholson v. State,* 761 So.2d 924, 930–31 (Miss.Ct.App.2000) (holding that a prior conviction resulting in a sentence of time served is valid and can be used for sentence enhancement), *and Glaze v. State,* 366 S.C. 271, 621 S.E.2d 655, 657 (2005) ("The reason that Petitioner spent ten days in jail is he was charged with a misdemeanor and could not post bail. He was subjected to no period of confinement as a result of his uncounseled marijuana conviction, so his time-served sentence did not violate the constitution."), *with United States v. Cook,* 36 F.3d 1098 (6th Cir.1994) (disallowing sentencing enhancement based upon a prior uncounseled conviction where the defendant received a one-day sentence that was satisfied through credit for time served), *and State v. O'Neill,* 140 Ohio App.3d 48, 746 N.E.2d 654, 659 (2000) (holding that a DUI conviction resulting in a mandatory three-day jail term, satisfied by three days of pretrial imprisonment, could not be used for sentence enhancement). We need not reach this question because the applicable Utah statute dictates that Curry was necessarily subject to some suspended period of imprisonment exceeding that already served and credited.

tion of suspended jail time triggered Curry's right to trial counsel. Because Curry was convicted in violation of his right to trial counsel and he actually served a portion of his term of imprisonment, we are compelled to void Curry's conviction.

¶ 18 Reversed.

¶ 19 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.