STATE OF NEBRASKA, APPELLEE, V. CHERI L. STOTT, APPELLANT.
586 N.W. 2d 436

Filed October 30, 1998.    No. S-97-641.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

Appellant, Cheri L. Stott, was convicted in the county court for Lancaster County, Nebraska, without counsel, of disturbing the peace. Stott's sentence included 24 hours in jail, 1 year's probation, and a 14-day suspended jail sentence waivable upon successful completion of probation. Stott appealed to the district court, arguing that her conviction had been obtained in violation of her right to counsel. The district court remanded the case for vacation of the portion of the sentence imposing incarceration, and the Nebraska Court of Appeals affirmed the decision of the district court. See *State v. Stott*, 6 Neb. App. 677, 576 N.W.2d 843 (1998). We take this case on Stott's petition for further review. We reverse, and dismiss.

## BACKGROUND

Stott was convicted of disturbing the peace, in violation of Lincoln Mun. Code § 9.20.050 (1992), as a result of a physical

confrontation with three other people near an elementary school. Stott pled not guilty and at trial proceeded pro se. Although not requested in the praecipe, the bill of exceptions from the arraignment was included in the record on appeal and reveals that the trial judge did not advise Stott of her right to counsel.

The county court found Stott guilty of the charged offense. In an order of probation, the county court sentenced Stott to probation for 1 year, subject to several conditions. Included in these conditions was that Stott pay court costs of $24, a witness fee of $20, and an assessment fee of $10. Stott was also ordered to satisfactorily complete an anger control class and to serve 24 hours in jail beginning immediately. Finally, the county court ordered that Stott serve 14 days in the Lancaster County jail, which sentence could be waived if Stott fully complied with all other terms of her probation.

The transcript reveals that Stott served 24 hours in jail and was released.

On appeal, the district court found that the record failed to show that Stott had been advised of or had waived her right to counsel. The district court affirmed the conviction but reversed the sentence and remanded the matter to the county court with directions to delete the aforementioned two provisions imposing jail time.

Stott appealed to the Court of Appeals, which concluded that the remedy for a violation of the right to counsel in cases other than felonies is to reverse or vacate the sentence, and affirmed the district court's judgment.

## ASSIGNMENTS OF ERROR

Stott assigns that (1) the trial court erred in trying Stott without counsel when a jail sentence was later imposed, (2) the trial court erred in sentencing Stott without counsel when a jail sentence was imposed, (3) the trial court erred in sentencing Stott to jail after a trial without counsel, and (4) the district court erred in affirming Stott's conviction when she was without counsel at trial and sentencing.

## ANALYSIS

The question before this court is, What is the proper remedy when a defendant is imprisoned for a misdemeanor offense fol-

lowing conviction without the assistance of counsel? We determine that the Sixth Amendment to the U.S. Constitution, as interpreted by decisions of the U.S. Supreme Court, mandates a reversal of such conviction.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The U.S. Supreme Court has held that a defendant has a Sixth Amendment right to counsel at trial in state courts for felony offenses and for lesser offenses when the defendant is sentenced to confinement. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (felony offenses); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972) (any offense, whether classified as petty, misdemeanor, or felony, for which imprisonment is imposed).

The imprisonment standard in *Argersinger v. Hamlin, supra*, was further clarified in *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), wherein the Court affirmed a defendant's uncounseled misdemeanor conviction for which no imprisonment had been imposed. The Court stated that "the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of *actual imprisonment* as the line defining the constitutional right to appointment of counsel." (Emphasis supplied.) 440 U.S. at 373.

Because Stott was actually imprisoned for this conviction, it is clear that she had a right to the assistance of counsel at her trial. It is irrelevant that Stott would have had no such right at the same trial, for the same offense, had she not been imprisoned. Stott's right to counsel was implicated with the closing of her cell door, and her conviction was therefore obtained in violation of the Sixth Amendment.

The remedy for this violation is equally clear. In *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), the Court held that a conviction obtained in violation of a defendant's right to counsel at trial is void. That Court stated:

> Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential

jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost "in the course of the proceedings" due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed.

304 U.S. at 467-68. The Court concluded that depriving a defendant of the right to counsel at trial renders the trial " 'absolutely void.' " 304 U.S. at 468.

*Gideon v. Wainwright, supra*; *Argersinger v. Hamlin, supra*; and *Scott v. Illinois, supra*, did not alter the consequences of violating a defendant's right to counsel, but, rather, delineated when that right to counsel exists. Indeed, the U.S. Supreme Court has stated that it is not just the sentence but the conviction itself that is void if the right to counsel is violated in a state court: "In [*Gideon v. Wainwright, supra*] the Court unanimously announced a clear and simple constitutional rule: In the absence of waiver, *a felony conviction is invalid* if it was obtained in a court that denied the defendant the help of a lawyer." (Emphasis supplied.) *Loper v. Beto*, 405 U.S. 473, 481, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972).

It follows under *Scott v. Illinois, supra*, that a misdemeanor conviction resulting in imprisonment is equally invalid if similarly obtained. See, *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994) (holding that conviction invalid under *Scott v. Illinois, supra*, may not be used for enhancing sentence for later offense); *U.S. v. Eckford*, 910 F.2d 216 (5th Cir. 1990) (if uncounseled defendant is sentenced to

prison, conviction itself is unconstitutional). As that is exactly what occurred in this case, Stott's conviction must be reversed.

## CONCLUSION

We need not decide in this case what effect a suspended or conditional jail sentence, not actually served, has upon a defendant's right to counsel. In this case, Stott was convicted without counsel and went to jail. Stott's Sixth Amendment right was violated, and her conviction must be reversed and the cause dismissed.

REVERSED AND DISMISSED.

HENDRY, C.J., not participating.