STATE OF NEBRASKA, APPELLEE, V.
THOMAS K. GOLDEN, APPELLANT.
599 N.W. 2d 224

Filed Aug. 10, 1999.   No. A-98-876.

D. Kirk Wolgamott for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

IRWIN, Chief Judge, and MUES and INBODY, Judges.

MUES, Judge.

## INTRODUCTION

Golden appeals his convictions for violation of a protection order and third degree assault by mutual consent. He alleges that the trial court erred in failing to appoint counsel, in failing to inform him of the requirement that he file a request for a jury trial within 10 days of the entering of his plea, and in overruling his written demand for a jury trial. We affirm.

## BACKGROUND

On June 19, 1997, Golden was arraigned on charges of violation of a protection order and third degree assault by mutual consent, both Class II misdemeanors punishable by up to 6 months' imprisonment, a $1,000 fine, or both. Golden stated that he understood the charges and the possible penalties. Then the following colloquy took place.

THE COURT: Pleading not guilty?

THE DEFENDANT: Yes

THE COURT: Matter will be set for trial. Do you have an attorney?

THE DEFENDANT: Uh, no.

THE COURT: Are you gonna hire one, or do you want me to appoint one?

THE DEFENDANT: Will you appoint one?

THE COURT: Well, we'll find out. Are you still working?

THE DEFENDANT: Uh, no. I got a job interview in the morning, if I'm not in here. I would like Your Honor to take note where the incident occurred.

[Discussion regarding bond.]

THE COURT: Um, why don't you see if you can hire an attorney. If you can't within [a] couple of weeks, come back to court; not on the trial date. Come back before the trial date, you know, couple weeks before the trial date and ask the judge to appoint a lawyer for you.

THE DEFENDANT: Okay.

Trial was set for July 31, 1997. On that date, Golden appeared before a different county judge and, when questioned if he still wished to have the trial that day, stated, "Yes, I do, but unfortunately, I don't have an attorney. I just found out Tuesday that I wasn't gonna have one. I'd like to ask for a public defender." The court then inquired as to Golden's financial resources and income and, finding that he qualified for the public defender's services, appointed a public defender to represent Golden. Trial was rescheduled to August 28.

On August 28, 1997, the public defender sought and was granted leave to withdraw due to a conflict of interest. The trial court appointed new counsel. Trial was rescheduled to October 2. On September 26, appointed counsel filed a written request for a jury trial, which was scheduled for hearing on October 2. After a hearing at which Golden testified he did not know, and was not advised, of the 10-day limit to request a jury trial, the trial court denied Golden's request. In so doing, the court relied upon *State v. Mangelsen*, 207 Neb. 213, 297 N.W.2d 765 (1980), reasoning that "the defendant's failure to invoke the right [to a jury trial] was his own fault by the defendant electing to act as

his own counsel and [he] must be held responsible for the ineptness of counsel, even though that counsel was himself." Trial commenced.

On October 24, 1997, the trial court found Golden guilty of violation of a protection order and third degree assault by mutual consent. He was later sentenced to a $400 fine and a $100 fine respectively. He timely appealed to district court. On appeal, he argued, inter alia, that the county court erred in denying his request for court-appointed counsel on June 19, and in overruling his motion for a jury trial as untimely.

The district court disagreed with the county court's reliance on *Mangelsen, supra,* believing this case to be distinguishable from that case. It reasoned that Golden did not "elect" to proceed pro se at arraignment. Nevertheless, it rejected Golden's appeal, observing that "[e]ven though defendant can be excused for failing to have filed a request when he had no counsel and never elected to proceed without one, once he had counsel a demand could and should have been made within the ten days." Noting that a demand for a jury trial had not been filed until more than 10 days after second counsel was appointed, the district court found no abuse of discretion in failing to grant Golden's untimely demand for a jury trial.

## ASSIGNMENTS OF ERROR

Golden's assignments of error, restated, are that the district court erred in not finding error in the county court's (1) failure to appoint counsel at the arraignment, (2) failure to advise him of his right to request a jury trial within the 10-day limit pursuant to Neb. Ct. R. of Cty. Cts. 23 (rev. 1996), and (3) overruling his written demand for a jury trial.

## STANDARD OF REVIEW

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Patterson,* 7 Neb. App. 816, 585 N.W.2d 125 (1998).

## DISCUSSION

The U.S. Constitution, through the Due Process Clause of the 14th Amendment, requires the states to provide a trial by

jury whenever the 6th Amendment would so require if the case were in federal court. *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987). "A jury trial is not constitutionally required in every criminal case, but must be provided when the offense is 'serious.' A serious offense is one which carries a maximum penalty in excess of 6 months' imprisonment." *Id.* at 527, 399 N.W.2d at 276. Accord, *State v. Cozzens*, 241 Neb. 565, 490 N.W.2d 184 (1992); *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987).

Golden was charged with violation of a protection order under Neb. Rev. Stat. § 42-924 (Reissue 1993) and with third degree assault by mutual consent under Neb. Rev. Stat. § 28-310 (Reissue 1995). Violation of a protection order and third degree assault by mutual consent are both Class II misdemeanors, each carrying a maximum penalty of 6 months' imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 1995). Golden had no constitutional right to a jury trial on either of these charges.

However, the right to a jury trial is also provided by statute. Neb. Rev. Stat. § 25-2705 (Reissue 1995) provides that "[e]ither party to any case in county court, except criminal cases arising under city or village ordinances, traffic infractions, [and] other infractions . . . may demand a trial by jury." A demand is required to invoke the statutory right to a jury trial for a petty offense in county court, and a failure to file a timely request in accordance with the court rules constitutes a waiver of the statutory right to a jury trial. *State v. Lafler*, 224 Neb. 613, 399 N.W.2d 808 (1987) (citing *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984)). See, also, *Miller, supra*; *Bishop, supra*.

In misdemeanor cases, demands for a jury trial must be made within 10 days following entry of a not guilty plea. Neb. Ct. R. of Cty. Cts. 23 (rev. 1996).

Golden appeared pro se and was arraigned on June 19, 1997, at which point he entered a plea of not guilty. On that date, the colloquy set forth earlier in this opinion took place between Golden and the county judge. Golden was not advised of his statutory right to a jury trial or of the 10-day time limit within which to demand it. His demand for a jury trial was not made until September 26 by his second court-appointed lawyer, the first court-appointed lawyer having been appointed on July 31.

His demand was obviously untimely, and under the foregoing principles, Golden waived his statutory right to a jury trial.

As stated, Golden has assigned three separate errors on appeal. However, in substance, his contention is that his demand for a jury trial was erroneously denied. He is essentially contending that his waiver of the statutory right to a jury trial was invalid and that his failure to make a timely demand should be excused because it occurred during the period of time while his request for court-appointed counsel was pending, thus depriving him of counsel's advice during this critical period. Thus, he contends that the failure of the trial court to make a prompt determination on his eligibility for court-appointed counsel led to his failure to timely assert this right. He further argues that under the circumstances, the trial court erred in not advising him of his statutory right to a jury trial, the need for a demand to invoke his right, and the time limits within which to do so.

*Delay in Appointing Counsel.*

Neb. Rev. Stat. § 29-3902 (Reissue 1995) provides that at the first appearance before a court, the court shall advise a felony defendant or a misdemeanant whose offense is punishable by imprisonment of his or her right to court-appointed counsel if he or she is indigent. It further provides that if indigency is asserted, the court shall make reasonable inquiry to determine financial condition. If indigency is determined, a public defender shall be appointed. A defendant is entitled to be represented by counsel at all critical stages of a criminal proceeding against the defendant, which includes the trial itself. *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985), *rev'd on other grounds* 225 Neb. 837, 408 N.W.2d 717 (1987). Entitlement to the assistance of counsel and entitlement to the provision of counsel at public expense are different matters. *Id.*

In *Richter, supra*, the Supreme Court outlined what a reasonable inquiry is when a defendant asserts his or her indigency at the arraignment. While Golden's assertion of indigency at the arraignment was dubious at best, assuming, for discussion purposes that he did so, the trial court's inquiry at the arraignment fell woefully short of the "reasonable inquiry" required by § 29-3202 as interpreted in *Richter*. Nevertheless, a more in

depth inquiry was made on the first trial date when Golden reappeared and requested a public defender. As a result, counsel was appointed.

As later discussed, we believe a reasonable interpretation of the events at the arraignment is that the trial court denied Golden's request for counsel at that time. But, even assuming, without deciding, that the trial court did not determine Golden's eligibility for court-appointed counsel on the day of the arraignment and that it erred in failing to do so, Golden's argument that he was prejudiced as a result would require several additional assumptions. For example, Golden's argument assumes that had a public defender been appointed, he or she would have advised Golden of the need to make a demand for a jury trial within 10 days or, if one was rejected, that within that 10-day period, Golden would have retained his own counsel, who would then have advised him of this rule. The argument also assumes Golden would then have timely exercised the right to a jury trial. Whether these are proper inferences to make, we do not decide, because we believe Golden's claim of prejudice fails for a more fundamental reason.

A criminal defendant has the right to assistance of counsel at trial for a misdemeanor if, as a result of the conviction, imprisonment is actually imposed. *State v. Stott*, 255 Neb. 438, 586 N.W.2d 436 (1998), citing *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979). Conversely, where no sentence of imprisonment is imposed, a defendant charged with a misdemeanor has no constitutional right to counsel. *State v. Stott*, 6 Neb. App. 677, 576 N.W.2d 843 (1998), *rev'd on other grounds* 255 Neb. 438, 586 N.W.2d 436. Stated another way, where a defendant is penalized only by fine, he or she is neither constitutionally nor statutorily entitled to have counsel present. *State v. Dean*, 2 Neb. App. 396, 510 N.W.2d 87 (1993), citing *State v. Austin*, 219 Neb. 420, 363 N.W.2d 397 (1985).

Golden was not sentenced to imprisonment. He was fined on both misdemeanor charges. He was not entitled to assistance of counsel under the foregoing authority. If Golden was not entitled to assistance of counsel at *all*, certainly a *delay* in deciding the right to appointed counsel cannot be deemed a valid excuse for failing to timely demand a jury trial. Logically,

this must be so even though Golden may have been deprived of legal advice, including his statutory right to a jury trial, during the period of the delay. In each case where assistance of counsel is denied, a defendant is surely and necessarily deprived of legal advice on many rights. Yet, the law is settled that such deprivation will not support the reversal of convictions where no imprisonment is imposed upon misdemeanants. This argument is without merit.

*Trial Court's Duty to Advise.*

Golden next argues that the trial court had a duty to advise him of his statutory right to a jury trial at the arraignment under the circumstances of this case where his request for counsel went undetermined until substantially more than 10 days had passed. Golden contends that even had he strictly complied with the trial court's direction to return "within a couple of weeks," the 10-day window for requesting a jury trial under Neb. Ct. R. of Cty. Cts. 23 (rev. 1996) would have already passed. Of course, in fact, Golden did not return until July 31, the trial date.

In rejecting Golden's untimely demand for a jury trial, the county court relied upon *State v. Mangelsen*, 207 Neb. 213, 297 N.W.2d 765 (1980). In *Mangelsen*, the defendant faced a criminal charge with a mandatory maximum penalty of 6 months' imprisonment in the county jail. At arraignment, the defendant was informed of his right to counsel, but was not advised of a right to a jury trial. According to the opinion, the defendant "elected to act as his own counsel at trial" and was convicted. *Id.* at 214, 297 N.W.2d at 767. The opinion does not illuminate the factual basis upon which the Supreme Court reached the conclusion that the defendant "elected" to proceed pro se. No demand for jury trial was made. On appeal, the defendant contended, inter alia, that the trial court's failure to advise him of his right to a jury trial was reversible error. The Supreme Court, noting that there was no constitutional right to a jury trial for petty offenses and that the statutory right to a jury trial requires a demand to invoke the right, observed:

> In essence, the defendant contends that when he *elects* to act as his own counsel, he must be advised by the court of any statutory right he might have with respect to his

trial. In substance, the contention is that the trial judge must also act as the defendant's counsel when a defendant appears pro se. We have previously held that a defendant, *by electing* to act as his own counsel, must be held responsible for the ineptness of counsel, even though that counsel was himself, and that a trial judge cannot effectively discharge the roles of both judge and defense counsel, and that one proceeding pro se is bound by his own acts and conduct.

(Emphasis supplied.) *Id.* at 215, 297 N.W.2d at 767-68.

In *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), the defendant also assigned as error the county court's failure to advise of the right to a jury trial. *Miller* also involved a petty offense for which there was no constitutional right to a jury trial, only a statutory right, as is the case here. The opinion does not disclose whether the defendant had counsel. Observing that the record failed to reflect any demand for a jury trial, the Supreme Court found that the defendant had waived his statutory right to a jury trial, since it was his duty to make such a request if he desired such a trial. *Id.*

The Supreme Court in *Mangelsen* and *Miller* did not *explicitly* state that the trial court had no duty to advise the defendant of his statutory right to a jury trial. However, in both cases the failure of the court to so advise the defendant was assigned as error, and in both cases the Supreme Court deemed the defendants' failure to invoke the statutory right as dispositive of the error assigned. By implication, we read *Mangelsen* and *Miller* as rejecting the contention that the trial court had any duty to advise of the statutory right to a jury trial.

The *Mangelsen* rationale was applied again in *State v. Lafler*, 224 Neb. 613, 399 N.W.2d 808 (1987), in a slightly different context. In *Lafler*, the defendant was charged with certain *serious* offenses that carried a constitutional right to a jury trial and a *petty* offense for which there was only a statutory right to a jury trial. The trial court had advised the defendant generally that he had a right to a jury trial " 'if a proper demand' " was made. *Id.* at 614, 399 N.W.2d at 810. The defendant sought appointment of counsel at trial, but the request was denied. The trial court had denied a demand for a jury trial on all charges on

the basis that it was not made in a "timely or proper manner." *Id.* at 616, 399 N.W.2d at 811. On appeal, the Supreme Court affirmed the trial court's denial of counsel and failure to afford defendant a jury trial on the petty offense.

The *Lafler* court, noting that there was no constitutional right to a jury trial for the petty offense, held that the defendant's failure to timely file a request for a jury trial in accordance with court rules constituted a waiver of his statutory right to a jury trial under a predecessor to § 25-2705.

> A defendant who appears pro se must make a proper demand for a statutorily provided jury trial or that right will be deemed to have been waived. *State v. Vernon,* [218 Neb. 539, 356 N.W.2d 887 (1984)]; *State v. Mangelsen,* 207 Neb. 213, 297 N.W.2d 765 (1980).
>
> The defendant was not represented by counsel at the arraignment and *elected to proceed* without counsel when his request for court-appointed counsel was denied. The failure to make a timely request for a jury trial on count IV [petty offense] constituted a waiver of the right to a jury trial on that charge.

(Emphasis supplied.) *Lafler,* 224 Neb. at 617, 399 N.W.2d at 812.

Golden argues that *Lafler, supra,* and *State v. Mangelsen,* 207 Neb. 213, 297 N.W.2d 765 (1980), involved defendants who were proceeding pro se at their own election and were thus properly held responsible for their own failings. He argues that he does not fit that category.

> [I]n the instant case, it is clear that Appellant was not acting as a pro se defendant when the ten days passed between his entry of not guilty pleas and the last day for filing a jury demand. Not only did the arraigning court fail to act on Appellant's request for an attorney, but the court also told Appellant to come back in two weeks if he could not find his own attorney. Two weeks is necessarily more than ten days. Therefore, the court itself prejudiced Appellant by advising him to reappear after the ten day window had closed. It is in this regard that the court erred in failing to advise Appellant of the requirement to make a jury demand should he request a jury trial.

Brief for appellant at 8-9.

In essence, Golden accepts the premise of *Mangelsen* that a trial court has no duty to advise a defendant of the statutory right to a jury trial and how to timely invoke it when a defendant elects to proceed pro se, but

> if an arraigning court is going to respond to a request for counsel by advising the defendant to reappear in two weeks time to request a public defender if he could not afford an attorney, that court should recognize that it is placing the defendant in the precarious position of foreclosure of a statutory right.

Brief for appellant at 9.

It is apparently Golden's reading of *Mangelsen* and *Lafler* that it is a defendant's election to proceed pro se that absolves a trial court of the duty to advise a defendant of the statutory right to a jury trial. Conversely, absent such an election, the duty exists. Thus, he attempts to distance his case from those cases by arguing that he was not pro se and, if so, had not *chosen* to be so. First, we do not entirely accept that Golden was not acting pro se following the arraignment. He left the arraignment without appointed counsel and remained unrepresented until July 31, 1997, when the public defender was appointed. Under any definition of "pro se," Golden fit it during the ensuing time period before counsel was appointed. Second, whether handled appropriately or not, the trial court's ruling on Golden's request for counsel at the time of the arraignment might reasonably be viewed as a denial, rather than a delay in deciding the issue. If we accept Golden's view that he made a request at that time, the request certainly was not granted. He left there without counsel. Arguably, Golden, no less than the defendant in *State v. Lafler*, 224 Neb. 613, 617, 399 N.W.2d 808, 812 (1987), who proceeded without counsel after his request was denied, also "elected to proceed without counsel when his request for court-appointed counsel was denied."

But most importantly, we reject Golden's reading of *Mangelsen* and *Lafler* that it is *only* where a defendant *elects* to proceed pro se (under whichever of many circumstances one might choose to place the "election" label) that a trial court has no duty to advise of the statutory right to a jury trial. Indeed,

*Lafler* did not even address the duty of a trial court to give such advice, as the trial court in that case had told the defendant, in a fashion, of the need to demand a jury if desired. And, the quoted language from *State v. Mangelsen*, 207 Neb. 213, 297 N.W.2d 765 (1980), about a defendant electing to proceed pro se was in the very context of rejecting the argument that a pro se defendant was entitled to *greater* protection vis-a-vis such an advisement than was a defendant who had counsel. In *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987), when the issue was again squarely before the court, nothing was said about the defendant's being pro se or represented. The argument was simply rejected.

In our view, *Mangelsen, Lafler*, and *Miller* disclose generally the Supreme Court's reluctance to impose upon a trial court the duty to advise criminal defendants, even those not represented by counsel, of nonconstitutional, statutory rights. Indeed, if one accepts, as we must, the premise that Golden was not entitled to counsel in these criminal proceedings because imprisonment was not imposed, see *State v. Stott*, 255 Neb. 438, 586 N.W.2d 436 (1998), then we must accept that the law does not insist that every criminal defendant be advised of all rights that might impact the criminal proceedings. Advice of counsel in a criminal proceeding surely includes advice on many varied and sundry matters, including statutory rights such as a jury trial and the procedure in which to invoke it. If a defendant such as Golden is not entitled to counsel, and thus the advice of counsel, then it is unreasonable to suggest that he is entitled to such advice from a trial court.

Therefore, we hold that there is no duty on the part of a trial court to advise a defendant charged with a petty offense of his or her statutory right to a jury trial and the time and manner in which to invoke that right where the defendant is penalized only by fine. Accordingly, we find no error in the trial court's failure to advise Golden of such matters in this case.

Having reached this conclusion, we do not believe such advisements should be discouraged. While the right to a jury trial in this context is not of constitutional origin, it is one expressly granted by the Legislature.

*Denial of Motion.*

As is evident from our previous discussion, Golden failed to timely request a jury trial, and his waiver of that right is not excused by the failure of the trial court to decide the counsel issue at arraignment or to advise him, at arraignment, of this statutory right. Moreover, and to the extent that an untimely demand for a statutorily provided jury trial could be granted within the discretion of the trial court, a matter we do not decide, there was certainly no abuse of discretion in this case. The demand was first made on September 26, 1997, over 3 months after Golden's arraignment, nearly 2 months after he was first appointed a public defender and at least 18 days after his second court-appointed counsel was appointed. It was filed approximately 1 week before the scheduled trial date, which was the third time this matter had been set for trial. No abuse of discretion occurred in denying the tardy request.

## CONCLUSION

By failing to make a timely demand for the statutorily provided jury trial, Golden waived that right. Golden was a non-felony criminal defendant who was penalized only by fine, even though the penalty could have included imprisonment. Therefore, he was not entitled to court-appointed counsel, and the trial court's delay in appointing counsel did not prejudice Golden.

The trial court did not err in failing to advise Golden of his statutory right to a jury trial or of the time and manner in which it could be invoked, or in denying Golden's untimely request for a jury trial. The order of the district court affirming the county court's decision is affirmed.

AFFIRMED.