IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. HIGGINS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
MARCUS C. HIGGINS, APPELLANT.

Filed May 21, 2013.    No. A-12-325.

Appeal from the District Court for Sarpy County, MAX KELCH, Judge, on appeal thereto from the County Court for Sarpy County, ROBERT C. WESTER, Judge. Judgment of District Court affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, and Patrick J. Boylan for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

Appellant, Marcus C. Higgins, was convicted in the county court for Sarpy County of one count of third degree domestic assault, which conviction was affirmed by the district court. On appeal, Higgins contends that the trial court erred in denying his motion for a continuance made the day of trial, denying his motion for mistrial, and failing to allow the jury to decide the disturbing the peace charge or instructing the jury on disturbing the peace as a lesser-included charge of domestic assault. Finding no abuse of discretion in the denial of the motions for continuance and for mistrial, and no error in connection with the disturbing the peace charge, we affirm.

FACTUAL BACKGROUND

Higgins and Denisha Kelley were in a dating relationship and lived together in an apartment in Bellevue, Nebraska. On August 22, 2011, while Higgins and Kelley were together in that apartment, an argument arose after Higgins discovered Kelley's laptop computer contained sexually explicit "Facebook" messages Kelley had written to another man. During the

course of this argument, Higgins slapped Kelley across the left side of her face three times. After suffering injuries to her left eye and jaw from this altercation, Kelley visited the Bellevue Medical Center for treatment. In the course of administering services, the Bellevue Medical Center notified the Bellevue Police Department. Officer Holly McQuaid interviewed Kelley regarding her injuries, and photographs of these injuries were taken. On September 7, the State filed a complaint charging Higgins with two counts of third degree domestic assault, a Class I misdemeanor, and one count of disturbing the peace, a Class III misdemeanor. Neb. Rev. Stat. § 28-323(1) (Cum. Supp. 2012); Neb. Rev. Stat. § 28-1322 (Reissue 2008).

After an oral motion for a continuance made the day of the trial was denied, trial was held in the county court on November 14, 2011. The two counts of third degree domestic assault were tried to a jury, and the disturbing the peace count was tried to the court pursuant to Neb. Ct. R. § 6-1423 of the uniform county court rules. After the court dismissed the second count of domestic assault at the conclusion of the State's case in chief, the jury found Higgins guilty of one count of third degree domestic assault. The court acquitted Higgins of disturbing the peace. On January 19, 2012, the court sentenced Higgins to 180 days in the county jail, crediting 3 days for time already served, and ordered Higgins to pay the costs of the action.

Higgins perfected an appeal to the district court, which found each of the alleged errors to be without merit and affirmed the county court's decision. Higgins files this timely appeal.

## ASSIGNMENTS OF ERROR

In this appeal, Higgins asserts that the county court erred in (1) denying his motion for a continuance which was made the day of trial, (2) denying his motion for a mistrial, and (3) failing to instruct the jury of the lesser charge of disturbing the peace.

## STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011). Similarly, the decision whether to grant a motion for mistrial is also within the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Kibbee*, 284 Neb. 72, 815 N.W.2d 872 (2012). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and the evidence. *Dixon, supra*.

Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision. *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012).

## ANALYSIS

*Motion for Continuance.*

Higgins contends the trial court erred when it denied his oral motion for a continuance made the day of trial. He argues the failure to grant the continuance prejudiced his defense by not allowing his attorney the proper time to prepare when Higgins had met trial counsel only an hour before trial commenced.

Neb. Rev. Stat. § 29-1206 (Reissue 2008) provides the following procedure for continuances in criminal matters:

> Applications for continuances shall be made in accordance with [§] 25-1148, but in criminal cases in the district court the court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecution or defense, but also the public interest in prompt disposition of the case.

Further, Neb. Rev. Stat. § 25-1148 (Reissue 2008) provides that an application for a continuance is to be made by a written motion setting forth the grounds upon which the application is made. The written motion is to be supported by an affidavit or affidavits by a person or persons competent to testify in proof of and setting forth the facts upon which the continuance is requested. § 25-1148. However, appellate courts in this state have found noncompliance with § 25-1148 to be merely a factor considered when determining whether the trial court abused its discretion when denying the motion for continuance. *Dixon, supra*; *State v. Santos*, 238 Neb. 25, 468 N.W.2d 613 (1991); *State v. Vela-Montes*, 19 Neb. App. 378, 807 N.W.2d 544 (2011).

There are few instances in our appellate case law in which an abuse of discretion by the trial court has been found from the denial of a motion for continuance. In *Dolen v. State*, 148 Neb. 317, 27 N.W.2d 264 (1947), the Supreme Court held that it was prejudicial to the rights of the defendant to compel his attorney to proceed with a jury trial without sufficient time to examine into the case. In *Dolen*, however, the appellant's attorney was appointed by the court just days before trial commenced. After receiving this appointment, the attorney submitted a motion for continuance which was denied the day of trial. *Id*. Similarly, in *Santos, supra*, the Supreme Court found that when a trial court contributes to the defendant's lack of preparation, it is error to deny a continuance.

The cases cited above are distinguishable from the facts of this case. Here, Higgins was appointed representation by the public defender well before trial. On the day of trial, without explanation, a different attorney from the public defender's office appeared on behalf of Higgins. This attorney made an oral motion on the day of trial to have the matter continued. The reason given on the record for the continuance was: "This case was originally assigned to another attorney in the office. And in consultation with that lawyer, it was my understanding that the state's witness was not likely to appear today. When we found out this morning that she was here, that changed how we approached the case." Nothing was stated on the record about the defense not having sufficient time to prepare for trial.

The county court denied the motion for continuance, noting that the case had been pending for more than 3 months, the public defender's office had been appointed at Higgins' arraignment, there had been ample time to consult with Higgins, and the motion was not made prior to assembling the jury.

On appeal to the district court, Higgins' attorney argued that although he was in the same office as Higgins' attorney of record, he had met Higgins only within an hour of impaneling the jury. The district court found this argument to be without merit and found that the defense's expectation that a witness would not appear on the scheduled day of a jury trial was not a

reasonable justification for a continuance. Furthermore, the district court found no reason in the record to justify why the other attorney was not present.

Higgins maintains that his attorney's oral motion for a continuance should have been granted to allow additional time to prepare his defense. However, the reason given on the record in support of the continuance does not favor granting the motion. Higgins asserts that his attorney was forced to change strategy after the State's witness, Kelley, who was also the victim in the charged crime and had been subpoenaed to testify, appeared the day of trial. Higgins' attorney did not give any additional explanation why the attorney of record was not present. Therefore, unlike *Dolen, supra*, and *Santos, supra*, the present case is not one in which an attorney was appointed to the case just before trial or where the court caused the attorney's lack of preparation. The public defender's office was appointed at arraignment, and for reasons unknown, substituted another attorney from the office for the attorney of record the day of trial. The record suggests that this substitution occurred due to the mistaken belief that the State's necessary witness would not appear for trial.

In addition to the absence of a valid reason to support a continuance, the motion was not submitted in writing and no supporting affidavit for a continuance was provided. Although the case law cited above demonstrates that failure to adhere to this requirement is not fatal, it is a factor considered in granting the continuance. Had the attorney of record submitted an affidavit justifying his absence from trial, there may have been greater cause to grant the continuance.

Finally, the record demonstrates Higgins' attorney conducted a thorough cross-examination of the State's witness, which expanded into areas beyond those in the State's direct examination. Higgins also presented his own testimony that he believed he did not hit Kelley. A trial court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011). Upon review of the record, Higgins has not shown that his defense was prejudiced without the continuance.

We agree that a change in defense strategy on the day of trial due to the belief a witness would not appear to testify is not reason to justify a continuance. Further, there is nothing in the record to support the argument that the defense did not have sufficient time to prepare for the trial. We find the county court did not abuse its discretion in denying the continuance.

*Motion for Mistrial.*

Higgins also contends the county court erred when it denied his motion for a mistrial. A mistrial is properly granted in a criminal case where an event occurs during a trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. *State v. Kibbee*, 284 Neb. 72, 815 N.W.2d 872 (2012). Such events may include egregiously prejudicial statements of counsel, improper admission of prejudicial evidence, and introduction to the jury of incompetent matters. *Dixon, supra*. Error cannot ordinarily be predicated on the failure to grant a mistrial if an objection or motion to strike the improper material is sustained and the jury is admonished to disregard such material. *State v. McBride*, 19 Neb. App. 277, 804 N.W.2d 813 (2011). The defendant must also prove the alleged error actually prejudiced him or her, rather than creating the possibility of prejudice. *Id*. In short, a mistrial should be granted when "'a fundamental failure prevents a fair trial.'" *Dixon*,

282 Neb. at 286, 802 N.W.2d at 880 (quoting *State v. Breeder*, 270 Neb. 799, 707 N.W.2d 790 (2006)).

Here, Higgins contends the jury was permitted to hear repeated improper testimony from Kelley and was not immediately and properly admonished by the judge. The substance of this testimony was Kelley's recollection of the fight she had with Higgins. There are two particular statements at issue; Kelley's testimony regarding Higgins' statement that he was not going back to jail and Kelley's testimony that Higgins was holding a knife during the argument.

At one point during her testimony, Kelley stated Higgins said "he wasn't going back to jail." The judge immediately sustained Higgins' objection and struck the answer, instructing the jury to disregard the answer. When Kelley later repeated this same statement, the trial judge allowed the State to ask one further question and then sustained Higgins' objection, instructing the jury to "[d]isregard the comment that [Higgins] made that he wasn't going back to jail. Not to consider it."

Kelley also testified that Higgins was holding a knife at some point during the altercation. When this knife was first mentioned, Higgins objected on relevance grounds. This objection was initially overruled, but when Kelley mentioned the knife a second time, and added that she was not scared of Higgins, the court sustained Higgins' objection. The court admonished the jury to disregard the knife and to not consider it. No further comment was made during the trial regarding either the statement about returning to jail or the statement about the knife.

Assuming these statements were inadmissible, which we do not decide, from our review of the record, it is clear the trial judge struck the testimony from the evidence and immediately and thoroughly admonished the jury not to consider the testimony. Additionally, Higgins has not pointed to anything in the record showing these statements prejudiced him. As has been the established law in Nebraska, absent evidence to the contrary, it is presumed that a jury followed the instructions given in arriving at its verdict. *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010). Therefore, we find the county court did not abuse its discretion when it denied the motion for mistrial.

*Disturbing the Peace Charge.*

In his final assignment of error, Higgins asserts that "[t]he trial court erred by not allowing the charge of disturbing the peace to be tried to the jury as a lesser included charge." Brief for appellant at 14.

At the commencement of the trial, the judge informed the jury of the two charges of third degree domestic assault that it would be called upon to decide. No mention was made of the separate disturbing the peace charge to the jury. At the instruction conference, Higgins' attorney questioned the absence of an instruction about disturbing the peace. The judge indicated that he would make the decision on that charge because a jury trial had not been requested on that count. Higgins' attorney acknowledged that a written request for a jury trial had not been made, but argued that it was a due process violation for the jury to hear evidence as to disturbing the peace and then not be able to decide it. Higgins' attorney also argued that an instruction on disturbing the peace would give the jury an opportunity to find him guilty of something less than what he was being charged with. Higgins did not present a requested jury instruction on disturbing the peace to the trial court, either as a separate charge or as a lesser-included offense of third degree

domestic assault. The trial judge again denied the request to give a jury instruction on disturbing the peace.

Higgins' argument is really twofold. He argues both that it was error to not have the jury decide the separate disturbing the peace charge and that disturbing the peace should have been included as a lesser-included offense to the domestic assault charge.

First, with regard to the failure of the trial court to submit the disturbing the peace charge to the jury, the trial court denied this request because Higgins did not demand a jury trial on this charge. Because § 6-1423 of the uniform county court rules requires a defendant to make a written demand for a jury trial on a misdemeanor charge within 10 days following a not guilty plea, the county court kept this issue from the jury despite Higgins' requests that the jury consider the charge.

With regard to Higgins' due process argument, we note that Higgins had no constitutional right to a jury trial on the disturbing the peace charge. The U.S. Constitution, through the Due Process Clause of the 14th Amendment, requires the states to provide a jury trial whenever the 6th Amendment would so require if the case were in federal court. *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987); *State v. Golden*, 8 Neb. App. 601, 599 N.W.2d 224 (1999). It has been established that this right only extends to serious offenses. *Id*. A serious offense is one which carries a maximum penalty in excess of 6 months' imprisonment. *Id*. Higgins was charged with disturbing the peace under § 28-1322--an offense carrying a maximum penalty of 3 months' imprisonment, a $500 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2008). Therefore, disturbing the peace, as defined in § 28-1322, is not a serious offense with an accompanying constitutional right to a jury trial.

Nebraska has also established a statutory right to jury trial that surpasses the federal right. Neb. Rev. Stat. § 25-2705 (Cum. Supp. 2012) provides this right. However, a defendant must demand to invoke this statutory right for a petty offense in county court. The failure to timely do so constitutes a waiver of this right to jury trial. *State v. Lafler*, 224 Neb. 613, 399 N.W.2d 808 (1987). In misdemeanor cases in county court, a demand for a jury trial must be made within 10 days following the entry of a not guilty plea. § 6-1423. No demand for a jury trial was ever made in this case on the misdemeanor disturbing the peace charge.

Higgins does not assert that this uniform county court rule is facially unconstitutional. Rather, he argues that this rule should not apply when there are multiple charges and all are not tried to a jury. He contends that the failure to instruct the jury on the disturbing the peace charge took away from his defense theory; namely, that his actions amounted only to disturbing the peace.

We find this argument to be without merit. All charges and the evidence adduced at trial stemmed from the same incident on August 22, 2011, when Higgins assaulted the victim, Kelley. The State did not adduce any additional evidence specifically relating to the disturbing the peace charge. Additionally, the court never advised the jury that Higgins was also charged with disturbing the peace. Finally, Higgins does not cite any law in his brief supporting his due process claim. Thus, we conclude that the trial court did not err in failing to submit the separate charge of disturbing the peace to the jury.

Next, Higgins contends the jury should have been instructed that disturbing the peace was a lesser-included charge of third degree domestic assault. Here, the jury was instructed that it

could return one of two verdicts--guilty of third degree domestic assault or not guilty. Although Higgins did not specifically request that disturbing the peace be included as a lesser-included offense in the instruction regarding third degree domestic assault, Higgins now argues that "[he] was prejudiced by being deprived of showing the jury that his actions only amounted to disturbing the peace." Brief for appellant at 15.

Whether a crime is a lesser-included offense is determined by a statutory elements approach and is a question of law. *State v. Kibbee*, 284 Neb. 72, 815 N.W.2d 872 (2012). A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. Erickson*, 281 Neb. 31, 793 N.W.2d 155 (2011). Error in failing to instruct the jury on a lesser-included offense is harmless when the jury necessarily decides the factual questions posed by the omitted instructions adversely to the defendant under other properly given instructions. *Id.*; *State v. Sinica*, 277 Neb. 629, 764 N.W.2d 111 (2009).

Assuming Higgins correctly asked for the lesser-included instruction and that disturbing the peace meets the first "elements" test set forth above, the trial court nevertheless properly refused to give such an instruction. The evidence in this case did not produce a rational basis for acquitting Higgins on the greater offense of domestic assault and convicting him of the lesser offense of disturbing the peace. A person commits the offense of domestic assault in the third degree if he or she (1) intentionally and knowingly causes bodily injury to his or her intimate partner or (2) places, by physical menace, his or her intimate partner in fear of imminent bodily injury. There was clearly sufficient evidence to show that Higgins caused bodily injury to Kelley, who met the definition of intimate partner. See, Neb. Rev. Stat. § 28-109(4) (Reissue 2008); § 28-323(7). The jury was properly instructed on the elements of third degree domestic assault, which it determined had been established, finding Higgins guilty. Therefore, we find this assigned error does not entitle Higgins to relief.

CONCLUSION

The trial court did not err when denying Higgins' oral motion for a continuance on the day of trial or when denying his motion for mistrial. The trial court did not err in failing to allow the jury to decide the disturbing the peace charge or in failing to instruct the jury on disturbing the peace as a lesser-included offense of third degree domestic assault.

AFFIRMED.