NOT DESIGNATED FOR PUBLICATION

No. 114,591

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK J. BENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed September 30, 2016.
Affirmed.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema LC, of Lenexa, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Derrick J. Benson appeals from his conviction of disorderly conduct,
a class C misdemeanor.  Benson argues that the district court erred by conducting a bench
trial without obtaining an explicit waiver of his right to a jury trial.

We find no violation of any constitutional or statutory right and affirm Benson's
conviction.

1

*Factual and Procedural Background*

Benson had been angry and yelling at his girlfriend, Eleanor Griggs, for some time when she instructed her daughter to call the police. Police came to their home and could hear an argumentative man's voice from outside of the apartment. Police arrested Benson and he was charged with disorderly conduct, a class C misdemeanor. Because the charge was the result of a domestic dispute, it was tagged as a domestic violence offense.

Benson did not request a jury trial so the case was tried to a magistrate judge. At the start of the bench trial, Benson confirmed, through his attorney, that it was his wish to proceed without a jury. At trial, the State presented two witnesses and Benson testified in his own defense. After Benson concluded his defense, the district court found him guilty of disorderly conduct. The journal entry of judgment does not designate the conviction as a domestic violence case, nor does it set forth any special findings required in support of such designation. Benson was sentenced to time served of 25 days in jail. He now appeals.

*Was Benson Denied His Right to a Trial by Jury?*

Benson argues that he was denied both his constitutional and his statutory rights to a jury trial. Benson did not raise this issue below. Generally, any issue not raised in the district court cannot be raised on appeal. *State v. Cheffen*, 297 Kan. 689, 696, 303 P.3d 1261 (2013). However, several exceptions to this rule exist. A new legal theory may be raised for the first time on appeal if: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; or (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Before this court

2

will consider an issue that was not raised below, the appellant must invoke one of the three exceptions and explain why the issue should be considered for the first time on appeal. Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41); *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Although Benson refers to the Rule 6.02 standard of review, his argument as to why we should consider this issue for the first time on appeal is somewhat vague and imprecise. He seems to invoke the second of the three exceptions, citing to several cases in which this court has discussed the fact that "'[t]here is no more fundamental right in the United States than the right to a jury trial.'" *State v. Duncan*, 44 Kan. App. 2d 1029, 1037, 242 P.3d 1271 (2010).

Benson makes arguments that are founded in both the United States Constitution and Kansas statute. Whether Benson had a right to a jury trial under either of these sources of law that he was subsequently deprived of is a question of law over which this court has unlimited review. See *Duncan*, 44 Kan. App. 2d at 1037; *City of Wichita v. Kinney*, No. 104,717, 2011 WL 3891892, at *1 (Kan. App. 2011) (unpublished opinion).

*The United States Constitution*

The United States Supreme Court has long recognized that there is a class of criminal prosecutions for which the possible prison sentence is so insignificant that a defendant's constitutional right to a jury trial is not triggered. See *Lewis v. United States*, 518 U.S. 322, 326, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996); *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968) ("[T]here is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision."). The Court has labeled this category of crimes "petty offenses." *Duncan*, 391 U.S. at 159.

In *Lewis*, the Court reasoned that the best indication of whether an offense is petty or serious is the length of the sentence authorized by the legislature. Where a statute authorizes a maximum sentence of no more than 6 months, courts should presume that the crime is a petty offense. 518 U.S. at 326. When determining whether an offense is petty, a court should not consider the individual defendant but should instead confine its analysis to the statute(s) the defendant is charged with violating. Confining the analysis in this way, a court is able to discount any collateral consequences associated with an individual defendant—for instance, the fact that the defendant is charged with two counts of a crime and could, therefore, face more than 6 months in prison if convicted of both and sentenced to consecutive prison terms—and keep the focus on the legislature's view of a given offense as petty or serious. 518 U.S. at 328.

As this court made note in *State v. Woolverton*, 52 Kan. App. 2d 700, 702, 371 P.3d 941 (2016), the presumption that a crime with a maximum possible prison sentence of 6 months is a petty offense is rebuttable so that "[a] defendant will still be entitled to a jury trial if the offense carries statutory penalties *in addition to* the jail term that 'are so severe that they clearly reflect a legislative determination that the offense is a "serious" one.'" Nevertheless, the United States Supreme Court has permitted penalties such as a 90-day suspension of a drivers' license, extended periods of probation in lieu of 6 months' imprisonment, and fines up to $5,000 without requiring a jury trial. See *United States v. Nachtigal*, 507 U.S. 1, 4-5, 113 S. Ct. 1072, 122 L. Ed. 2d 374 (1993); *Blanton v. North Las Vegas*, 489 U.S. 538, 543-44, 109 S. Ct 1289, 103 L. Ed. 2d 550 (1989).

Benson recognizes that disorderly conduct, which carries with it a maximum jail sentence of 1 month, is a presumptively petty offense to which the constitutional right to a jury trial does not attach. Nevertheless, Benson argues that "the collateral consequences, societal regard, and specialized resources devoted to domestic violence" serve to rebut the presumption that disorderly conduct is a petty offense when it carries with it a domestic violence tag. A panel of this court recently addressed and rejected

4

similar arguments. *Woolverton*, 52 Kan. App. 2d at 704-06. In *Woolverton*, this court recognized that while the State takes domestic violence seriously—a fact reflected by the collateral consequences of a domestic violence conviction—that seriousness does "not affect the analysis when determining whether a right to a jury trial exists under the Sixth Amendment." 52 Kan. App. 2d at 705-06. The collateral consequences of a domestic violence conviction are not so severe as to rebut the presumption that an offense with a maximum sentence of less than 6 months is petty so that the defendant's right to a jury trial is triggered. In any event, as noted above, Benson's conviction was not designated as a domestic violence offense in the journal entry of judgment and sentencing, and he fails to suggest any collateral consequences attaching to the conviction of simple disorderly conduct.

Since Benson faced a maximum sentence of 30 days in jail, he did not have a constitutional right to a jury trial in this case.

*K.S.A. 22-3404*

Benson also argues that he was denied his statutory right to a jury trial. At the same time, he acknowledges that this court has repeatedly held that the right to jury trial of a defendant who stands accused of a misdemeanor offense is one that must be affirmatively exercised or it is waived. Benson contends that this sort of implicit waiver is incompatible with procedural due process. He additionally contends that it is irreconcilable to require explicit waiver of the right to a jury trial in felony cases but not in misdemeanor cases.

K.S.A. 22-3404(1) provides: "The trial of misdemeanor cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel." As recently as April of this year, this court affirmed that the language of the statute

unambiguously requires action on the part of a misdemeanor defendant if he or she wishes for his or her trial to take place in front of a jury. *Woolverton*, 52 Kan. App. 2d at 706-07. The only exception to this is for defendants charged with misdemeanors that may be punished by a jail term of more than 6 months—in that case, the constitutional right to a jury trial is triggered and explicit waiver of the right is necessary before the court may proceed to a bench trial. See *State v. Sykes*, 35 Kan. App. 2d 517, 523-24, 132 P.3d 485 (2006). K.S.A. 22-3404(1) itself, however, does not require explicit waiver.

In *State v. Patton,* 287 Kan. 200, 220-21, 195 P.3d 753 (2008), our Supreme Court recognized that Kansas courts have previously resolved due process challenges to criminal procedure statutes using the framework which the United States Supreme Court outlined in *Medina v. California,* 505 U.S. 437, 112 S. Ct. 2572, 120 L. Ed. 2d 353, *reh. denied* 505 U.S. 1244 (1992). Recognizing that substantial deference should be afforded to state legislatures to craft laws related to criminal procedure, the *Medina* Court concluded that the appropriate test to determine if a law violates due process is whether it "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked fundamental.'" 505 U.S. at 445.

Applying that test to this case, it does not appear that K.S.A. 22-3404(1) violates Benson's right to procedural due process. Both the United States Supreme Court and our state courts have recognized that the intrusion on a defendant's liberty is so slight in cases in which the maximum sentence is less than 6 months that the defendant's constitutional right to a jury trial is not triggered. *Duncan*, 391 U.S. at 160; *Woolverton*, 52 Kan. App. 2d at 701-02. Differentiating between petty and serious offenses for purposes of the Sixth Amendment jury trial provision is not a new development but rather a carryover from the English tradition, practiced in the United States since the states were still colonies. *Duncan*, 391 U.S. at 160. Consideration of history and tradition weigh in favor of finding that K.S.A. 22-3404(1) does not violate defendants' rights to procedural due process.

6

Consideration of fairness similarly supports upholding the law. At a fundamental level, procedural due process requires that someone facing deprivation of life, liberty, or property at the hands of the government be given notice and an opportunity to be heard. See *State v. Robinson*, 281 Kan. 538, 547-48, 132 P.3d 934 (2006). Our laws require additional or more stringent due process protections in situations in which a person stands to lose more as a result of government action. See *Duncan*, 391 U.S. at 160-61 (permitting fewer protections for defendants charged with petty crimes because the maximum prison sentence has a relatively insignificant impact on the defendants' liberty). A bench trial sufficiently protects a defendant's most basic procedural due process rights. Defendants facing misdemeanor charges are required to be formally charged and notified of the pending charges as are defendants facing more serious charges. See K.S.A. 22-2301; K.S.A. 2015 Supp. 22-2408; K.S.A. 22-3201. Additionally, bench trials provide defendants with an opportunity for a full hearing. At a bench trial, the State has the burden of proving the guilt of the defendant beyond a reasonable doubt, just as it does at any other trial. The defendant may opt not to present a defense or testify or may choose to defend against the State's charges. Thus, defendants' rights to notice and an opportunity to be heard are fully protected by K.S.A. 22-3404(1); the statute is not fundamentally unfair.

The legislature should receive substantial deference to craft rules of criminal procedure that best meet the needs of the state's courts and its citizens. In K.S.A. 22-3404(1), the legislature determined misdemeanor defendants are entitled to less stringent protection of the right to a jury trial than are felony defendants. It is not uncommon for legislatures to differentiate between the two classes of defendants in this way, and the decision to do so here should not be second guessed absent a showing that defendants' procedural due process rights are being violated. See *Lewis*, 518 U.S. at 326; *State v. Golden*, 8 Neb. App. 601, 613, 599 N.W.2d 224 (1999); *State v. Patrick*, 816 S.W.2d 955, 957 (Mo. App. 1991) (discussing requirement that misdemeanor defendants request a jury trial).

K.S.A. 22-3404(1) does not violate the Sixth Amendment right to a jury trial and it fully comports with notions of procedural due process. Benson was not improperly denied either his constitutional or statutory right to a jury trial.

Affirmed.